## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### SCOTT'S EX'OR V. SCOTT.

#### APRIL 28th, 1887.

FATHER AND SON—*Guaranty—Gift—Case at bar.*—Son gave a bond se-
cured by trust deed on his land. Father endorsed his name on the
bond, and as a gift, to clear son's land of encumbrance, paid the greater
part. After his death his executrix paid the balance, took an assign-
ment of the bond, and sued to enforce the trust deed for the benefit of
the estate—

HELD :

> Executrix can only enforce the trust deed to the extent she as such
> made payment.

Appeal from decree of circuit court of Culpeper county
rendered at its June term, 1885, in the cause of Varinda J.
G. Scott, executrix of John Scott, deceased, plaintiff, against
Wm. H. Scott and others, defendants. The decree being
for the defendants the executrix obtained an appeal. Opin-
ion states the case.

*J. G. & W. W. Field,* for the appellant.

*Barbour & Jeffries,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

From a transcript of the record of this suit, the follow-
ing case is presented : On the fourth of July, 1866, William
H. Scott executed to Albert Thomas his bond for $1,000,
payable twelve months after date, with interest from date.

John Scott, his father, who was a man of large property, real and personal, indorsed his name upon the back of the said bond, and thereby became the guarantor of its payment. On the same day of the execution of the bond aforesaid, William H. Scott executed a deed of trust upon a tract of land in Culpeper county, to secure the payment of the said bond. The said William H. Scott failing to pay the bond, or any part thereof, the said John Scott did in his life-time make sundry payments upon the said bond, for which he took and preserved receipts, reciting that he had paid as surety (or "security") upon the bond; and he very nearly completed its full payment before his death. He executed his last will by which he constituted his wife, the appellant, the chief beneficiary and executrix of his will, which was duly proved and admitted to record in the county court clerk's office of Culpeper, on February 20, 1882. The said Varinda J. G. Scott, named in the said will as executrix thereof, duly qualified as such, and on the nineteenth day of February, 1883, in that capacity, she paid the balance due and unpaid upon the said bond to the holder thereof, and took an assignment of the bond. The said William H. Scott failing to pay to her this balance so paid by her as executrix of the will of John Scott, and the aforesaid payments upon the said bond made by the testator in his life-time as aforesaid, she filed her bill in this suit to enforce the lien of the said deed of trust of July 4, 1866, given by the said William H. Scott to secure the payment of the said bond.

William H. Scott and the other defendants to the bill failing to answer, a decree was entered on the third day of November, 1882, referring the cause to a master commissioner to take an account of the money paid by John Scott in his life-time, and by his executrix since his death, upon the said bond. At a special term of the court, on the sixth day of April, 1883, William H. Scott filed a demurrer and

answer to the bill, in which, after denying that John Scott
was guarantor or surety to the said bond, he alleged that
any payments made by John Scott upon the said bond were
made out of money belonging to him, the respondent, or
which had been put into his hands by respondent, or the
money so paid by John Scott, the father, was intended as a
gift to him, the son. The master commissioner made his
report, under the decree of reference, that John Scott had
paid, as guarantor, the greater portion of the debt evidenced
by the said bond, viz., $1,248.44, in his life-time, and since
his death his executrix had paid the balance due thereon,
viz , $135.77, with $2.29 interest thereon up to June 1, 1883,
and that, as far as the evidence showed, the defendant,
William H. Scott, had not paid any part of the said bond.
To this report the said defendant, William H. Scott, filed
seven exceptions, and the cause coming on to be heard upon
the bill, answer, and replication, the report of the com-
missioner, and the exceptions thereto, together with the
evidence reported by the commissioner, the court sustained
all the said exceptions, and entered a decree dismissing the
bill, with costs, and releasing the lien of the deed of trust.

In the view which we take of the case presented by the
record, it is necessary to notice only the fourth exception
to the master's report. We are of opinion that the circuit
court erred in sustaining that exception, because not only
is there no evidence to justify the ground of exception, but
the fact is conceded in the exception itself, and is proved
clearly by the evidence taken and reported by the master,
that the executrix of the will of John Scott, deceased, did
pay the balance due upon the bond of William H. Scott,
and take an assignment of it for the benefit of her testa-
tor's estate, and thereby became entitled to be substituted
to the security of the deed of trust given by William H.
Scott to secure the debt. The circuit court erred in dis-
missing the bill, and in not giving a decree in favor of the

complainant for the said balance paid by her as executrix, as reported by the commissioner, and for this error the decree complained of must be reversed and annulled.

As to all the payments made by John Scott in his lifetime, as reported by the commissioner, upon the said bond of William H. Scott, we think that the evidence reported by the master fully justifies the presumption that John Scott, the wealthy father of the defendant, William H. Scott, did intend, and did declare to the witness, J. E. Lewis, that the payments which he made upon the bond in his life-time were made as a gift and aid to his son, William H. Scott, to relieve his land from the lien and incumbrance ·of the deed of trust.

And to this extent the court did not err in decreeing the land to be released from the operation of the deed of trust, and as to so much of the decree, it is affirmed; but the case will be remanded to the circuit court for further proceedings in conformity with this opinion, with instructions to reinstate the bill, and to enter a decree in favor of the complainant against the defendant, William H. Scott, for the balance paid by her as executrix of the will of John Scott, deceased, as reported by the commissioner, upon the bond of William H. Scott, viz., $135.77, with interest, as reported, and her costs expended in the circuit court, and decreed against her and in default of the payment of the said sum and costs by the said William H. Scott, or some one for him, in a reasonable time, to enforce, by sale of the land under the deed of trust of July 4, 1866, the payment thereof to the appellant.

DECREE REVERSED IN PART AND AFFIRMED IN PART.