Day, J.
i. municipal t°on:°ba" ordinances: ¿^justices11 The record presents but two questions: 1. Had the justice jurisdiction to hear and determine a crimwnal prosecution for a violation of an ordinance of the city of Waterloo? 2. Had the justice power to try the appellee in the absence both of himself and counsel ?
Section 4499 of the Revision provides that “ Police and city courts, in cities and incorporated towns, have exclusive jurisdiction of all prosecutions for infractions of the by-laws or ordinances of the city or town in which they are located, as provided by law, and concurrent jurisdiction with justices of the peace of prosecutions for misdemeanors in the cases provided for in the special statutes creating or regulating such courts or legally conferred upon them.”
Tips section would seem to be decisive against the jurisdiction of a justice of the peace in a criminal proceeding for an infraction of a city ordinance.
We are referred, however, by appellant, to section 1074 of the Revision, which, it is claimed, confers upon the justice the jurisdiction he assumed to exercise. This *285 section, is as follows: “ Fines, penalties and forfeitures may, in all cases, and in addition to any other mode provided, be recovered by suit or action before a justice of the peace or other court of competent jurisdiction, in the name of the proper municipal corporation for its use. And in such suit or action, where pleading is necessary, it shall be sufficient to declare generally for the amount claimed to be due in respect to the violation of the by-law or ordinance, referring to its title,” etc.
A very little attention to this section renders it apparent that it has no reference to a criminal prosecution, but that it applies solely to a civil action for the recovery of a fine imposed or a forfeiture incurred. This appears from the language of the section. It provides that the action may be prosecuted im, the name of the proper mwmcipdl corporation, and that, where pleading is necessary, it shall be sufficient to decla/re generally for the amou/nt claimed to be due. A criminal acüon must be -prosecuted in the name and by the authority of “ the State of Iowa ” as a party, against the party charged with the offense. Rev., § 4435. And, if before a justice of the peace, must be commenced by an information subscribed and sworn to, and filed with the justice. Rev., § 5056. If more need be.said to show the inapplicability of section 1074 to a criminal prosecution, it is found in the fact that a different construction would place it in direct conflict with section 4499, before noticed. The jurisdiction exercised by the justice in this case cannot be based upon section 1088 of the Revision. That section provides, that “ it shall be lawful for any council to provide for the immediate arrest, by the proper officer of the cor poration, of any person found violating the ordinances made to preserve the peace and good order of the corporation. And any person so arrested shall be taken forthwith before the mayor, or some justice of the peace for trial.” * * This statute confers jurisdiction upon a justice only in cases where the common council has provided for the immediate *286 arrest of one found violating the ordinances made to preserve tbe peace and good order of tbe corporation.
3_olty ordinances, Tbe record does not disclose tbat tbe council of Waterloo has made any such provision. This court does not take judicial notice of the provisions of a city ordinance. Garvin v. Wells, 8 Iowa, 286.
It is incumbent upon a party alleging error to make it affirmatively appear. In a court of inferior jurisdiction tbe record must show tbe facts which confer tbe jurisdiction. State v. Berry, 12 Iowa, 58. We are of opinion tbat tbe justice bad no jurisdiction of tbe subject-matter, and tbat bis judgment is void.
As this determination of tbe question 'herein discussed is decisive in favor of tbe action of tbe circuit judge, it becomes unnecessary to consider tbe other question presented. Tbe order discharging tbe appellee -is
Affirmed.