[Filed June 7, 1888.]

## A. BUSH, APPELLANT, v. AUGUST GEISY, RESPONDENT.

JURY—WAIVER OF.—When the trial of a case, involving an issue of fact, is had without a jury, and the court directs a judgment, but fails to give a decision in writing stating the facts found and conclusions of law, as required by the Code, such judgment is irregular, and should be set aside upon the attention of the court being called to the fact. A judgment so entered is not void, but may be rendered so, either upon motion to the court in which it is entered, or upon appeal to a Superior Court.

MANDAMUS—WRIT OF—PEREMPTORY.—Where in proceedings of mandamus, to compel the defendant, who is county treasurer, to pay the plaintiff warrants held by him, duly drawn upon the defendant as such treasurer, it is ascertained in an issue made upon the return of an alternative writ that the defendant had funds sufficient to pay such warrants at the time they were presented to him, applicable to the payment thereof, and that the warrants presented were legal claims against the county; *held*, that the judgment should direct the issuance of a peremptory writ, commanding the defendant to pay the warrants forthwith. The right of a plaintiff in a mandamus proceeding to recover costs, under the Code of this State, does not depend upon his claiming or recovering damages therein. He is entitled to costs as a matter of course upon obtaining the relief sought.

APPEAL from Marion County.

*George H. Burnett*, for Appellant.

*Tilmon Ford*, for Respondent.

THAYER, J.—This case arises out of a proceeding of mandamus. The writ was issued out of said Circuit Court upon the

petition of the appellant to compel the respondent, as treasurer
of said county of Marion, to pay certain warrants drawn upon
him by the county clerk of said county in favor of the appel-
lant, and purporting to have been drawn by order of the County
Court of said county. The respondent refused to pay the war-
rants on their being presented to him, upon the alleged grounds
that they had been issued without authority. The case was
tried before Hon. R. P. Boise, judge of said Circuit Court,
without a jury, upon the petition, alternate writ, the return
thereto, and proofs taken therein. It appears from the record
that the trial was had on the thirteenth day of July, 1887, and
that upon its submission the court, without finding the facts or
conclusions of law, directed a judgment in favor of the appellant
in accordance with the prayer of his petition, and that a judg-
ment was so entered; that subsequently, and on the thirtieth day
of August, 1887, during the term of court at which the said
judgment was entered, the respondent filed a motion to set it
aside, upon the grounds that such findings had not been made;
and on the same day the appellant's counsel filed a motion, based
upon an affidavit, to correct the omission by making and filing
such findings *nunc pro tunc;* that after argument of the two
motions, the court set aside said judgment, and proceeded to
find the facts and conclusions of law, which were duly filed.

The following is the substance of the facts found: (1) That
the respondent was the treasurer of said Marion County. (2)
That on the sixth day of May, 1887, said County Court, sitting
as a board of commissioners, duly authorized said county clerk
to draw the warrants, by an order made for that purpose, which
was entered of record. (3) That the said clerk duly executed
such order. (4) That in the month of November, 1886, the
said clerk filled out two warrants upon the treasurer, respectively,
for ten thousand dollars and five thousand dollars, and deliv-
ered them to T. C. Shaw, who was county judge of said county,
and he delivered them to appellant, and obtained from him the
amount thereof in money, and used it for the benefit of said
county. That the money received by the county judge was not
paid into the treasury of the county; but was paid to the city of

Salem to aid the city in building a bridge across the Willamette River to connect Marion County with the county of Polk. (5) That said appellant was not advised for what purpose said money was to be used. (6) That prior to the time when said two warrants were executed, and the money advanced by appellant thereon, there was an understanding between him and the County Court, sitting to transact county business, that he would furnish money to the county at eight per cent on county warrants, to enable the county to meet current expenses, when it had no money in its treasury for that purpose, and be re-imbursed when the money came into the treasury from taxes; and that appellant furnished the money on the two warrants as a loan to the county in pursuance of that understanding. (7) That the warrants in question were issued in lieu of said two warrants, and the interest which had accrued thereon. (8) That the appellant presented the warrants in question (sixteen in number) to the respondent, as such treasurer, for payment or indorsement, and that respondent refused to pay or indorse them. (9) That at the time said warrants were so presented to respondent as aforesaid, he had in his possession as such treasurer sufficient funds belonging to said county to pay them, and which funds were applicable to their payment.

As conclusions of law the court found: (1) That the said sixteen warrants were valid and legal claims against said county. (2) That the appellant was the legal owner and holder of them. (3) That it was the duty of the respondent to pay or indorse the same when presented by the appellant. (4) That said warrants should draw interest at *eight per cent per annum* from the date of their presentment, the sixth day of May, 1887.

Upon these findings of facts and law, the appellant's counsel moved the said Circuit Court for a judgment, commanding the respondent to pay to the appellant the amount due upon the warrants, and for costs, which motion the court refused to grant, but directed a judgment in favor of the appellant and against the respondent, to the effect that the latter pay to the former the amount of said warrants and interest out of any money in his hands as such treasurer belonging to said county, applicable to

the payment of current expenses, and that in case there were no funds in the said county treasury sufficient to pay all said warrants, then that he pay thereon what money there was in said treasury at the time of the service of said writ applicable thereto, as aforesaid, and that the remainder be paid out of the first money that should come into said treasury, which was applicable to the payment thereof. And the said court further directed and decided that neither party recover costs nor disbursements. The judgment entered in pursuance of said finding is the judgment appealed from herein.

The main grounds of error relied upon by appellant's counsel are, the setting aside of the judgment entered July 13, 1887, the refusal to allow the appellant's costs in the proceedings upon the writ of mandamus, and for not rendering a judgment directing a peremptory mandamus, commanding the respondent to immediately pay the amount due upon said warrants, with the accrued interest thereon, from the sixth day of May, 1887, at the rate of *eight per cent per annum.* The transcript contains no bill of exceptions, and we have no *data* by which to determine the questions involved in the case, except the findings of the court referred to. As to the right of the Circuit Court to set aside the judgment entered July 13, 1887, there can be no doubt. Courts have control of their own records, and are authorized to correct them so as to make them conform to the truth. Where a case involving a question of fact is tried by the court without a jury, its decisions should be given in writing, and conclusions of law separately, and which shall be entered in the journal, and judgment entered thereon accordingly. A judgment in such a case, without such decision having been made and entered, cannot be attacked collaterally; but it is so irregular that the court which directs it should, as a matter of duty, recall the judgment or set it aside whenever the fact is brought to its notice. Such a judgment may be avoided on appeal or by the court in which it is entered.

The question as to whether the appellant was entitled to recover costs depends upon the construction of the statute regulating mandamus proceedings, which provides: "That if judg-

ment be given for the plaintiff, he shall recover the damages which he shall have sustained by reason of the premises, to be ascertained in the same manner as in an action, together with costs and disbursements, and a peremptory mandamus shall be awarded without delay." The respondent's counsel contends that it is only when damages are awarded to the plaintiff in the proceeding that he is entitled to recover costs, and that the appellant not having claimed damages was not, as a matter of right, entitled to costs. That the case under the circumstances came within the provision contained in section 568 of the Code, which is as follows: "In any action, suit, or proceeding, as to which the allowance and recovery of costs may not be provided for in this title, or elsewhere in this Code, costs may be allowed or not, according to the measure herein prescribed, and apportioned among the parties in the discretion of the court."

We would be inclined to adopt the counsel's theory, if we could do so consistently with the statute, not because of anything appearing particularly favorable to the exemption of the respondent from the payment of costs in this case, but cases have arisen, and are liable to arise frequently, in which an officer is greatly perplexed as to what his duty is in a certain matter. In such cases it would be a hardship to impose costs upon the officer for refusing to act when he did not know how to act. But is this one of the cases in which costs are not provided for as above mentioned? The answer to this question depends upon the construction to be given to the provision regulating mandamus proceedings before set out. Is this not a proceeding, "as to which the allowance and recovery of costs" is there provided for? If it had been intended that costs should be left in the discretion of the court in a mandamus proceeding, the Code, it seems to me, would have so provided in express terms; but instead of that it provides, as before shown, "that if judgment be given for the plaintiff, he shall recover the damages, to be ascertained, etc., together with the costs and disbursements."

It cannot seriously be claimed that this provision requires the recovery of damages as a condition to the recovery of costs and disbursements. The case belongs to a class in which the doing

of the act sought to be enforced is the only relief which can be claimed or awarded. The law does not give damages for withholding the payment of money except by way of interest; that was claimed and allowed the appellant herein, which, I think, within the meaning of said provision, constituted a recovery of damages. But whether that is so or not is immaterial, as the legislature evidently only intended that damages should be allowed in cases where they could properly be claimed, and that the recovery of costs and disbursements in favor of the plaintiff depended upon his recovering judgment in the proceeding. In a great majority of the cases in which the writ of mandamus is issued the damages are merely nominal, and yet they involve important rights.

The refusal of a county clerk to record a deed to valuable real estate might occasion no damage in fact, yet it would be absurd to hold that the grantee would not be entitled to recover costs, as a matter of right, under the statute, where he had been put to the trouble and expense of enforcing the recording of it by means of such a proceeding.

I do not think that the view contended for by the respondent's counsel regarding the construction of the said provision of statute is maintainable. It appears to me that the appellant was entitled to recover his costs and disbursements in the proceeding as a matter of course. He is not, however, entitled to recover the costs and expenses of the entry of the judgment of July 13, 1887, which was set aside by the Circuit Court; nor of any costs or expenses created under the last-mentioned judgment, but should be required to pay the same, and the clerk's fees upon the motion to set it aside.

The judgment appealed from will be modified by directing the issuance of a peremptory mandamus to pay the amount of said warrants and interest forthwith, and in the other matters as herein indicated.

LORD, C. J. — As to the question of costs in proceedings of this kind, I understand the rule to be, that costs are not allowed unless expressly authorized by statute. At common law there

was no costs, and this was true of civil as well as criminal cases. (Bacon's Abr. Costs.) And all the costs that are now allowed to either party, or any party, are given by statute, as well in England as in this country. But it was a rule in construing statutes of general application that unless the crown was named, it was not bound. (Bacon's Abr. Prerogative.) With us the State is sovereign and stands for the crown, and the same rule is applied in construing statutes, unless the State is named. Hence a statute giving costs to the prevailing party like our own does not include the State. To effect that result it requires some express provision. (*Collier* v. *Powell*, 23 Ala. 579; *State* v. *Harrington*, 2 Tayl. 44; *U. S.* v. *Barker*, 2 Wheat. 395.)

A like principle prevails in actions of a public nature, where officers are compelled to prosecute or defend in their official capacity, and such prosecution or defense is conducted in good faith and for the public benefit. In the *County of Clare* v. *Auditor-General*, 41 Mich. 183, Cooley, J., said: "That no costs are awarded where the case is of a public nature and has arisen from ambiguous legislation." So in *Houston* v. *Neuse River Nav. Co.* 8 Jones (N. C.) 476, which was an information in the nature of a writ of *quo warranto* against a corporation to have its privileges declared forfeited, etc., Battle, J., said: "The order dismissing the information is affirmed, but it is reversed as to costs. In a matter of a public nature, the officer who acts for the State does not pay costs for the other party." In *Hammond* v. *People*, 32 Ill. 446; 83 Am. Dec. 286, it was held that a prisoner released under a habeas corpus did not authorize costs to be taxed against the officer who arrested him under a valid process. Other cases might be referred to, but these are sufficient to illustrate the application of the principle. Now the case in hand is public in its nature, and is brought against the defendant, in his official capacity, to compel him to pay certain warrants drawn on him as such officer. He has defended the action, and as the court has not awarded costs against him, there is no error, unless there is some statute authority to tax him with the costs.

Our statute in relation to proceedings by mandamus provides:

" That if judgment be given for the plaintiff, he shall recover the damages, etc., to be ascertained, together with the costs and disbursements." (Or. Code, § 601.) It was my impression that the statute intended to give costs and disbursements only in the event of a recovery of damages, which seemed to me could arise only in a case where the negligence or refusal of the officer to perform his duty had resulted in a loss or injury to the party, or the conduct of the officer was characterized by bad faith, or wilful misconduct of some kind, and that in such case, to lay the right to tax costs and disbursements, the facts constituting the grounds of damages must be alleged and proved before the court, under the provisions cited, would be authorized to award costs and disbursements against the officer as part of such judgment. Hence, I concluded that when no damage was asked or recovered, the party prevailing against the officer would not be entitled to costs and disbursements, or if entitled in any other case, it could only be by force of the provisions of section 568, which invested the court with the discretion of taxing costs or not as therein provided, although the absence of express mention of the State or its officers negatives this right, upon the reasoning of the authorities already referred to. Be that as it may, if such section is sufficiently pointed to include the case under consideration, the power to award and apportion such costs being a discretion vested in the court, we could not disturb his allowance in the matter, unless, at least, there was gross abuse of such discretion. And as the court has not awarded costs against the defendant officer, we would be justified in the assumption that his defense was conducted in good faith and for the public benefit. But as my brethren think that section 601 was intended to give costs and disbursements to whomsoever obtained judgment, irrespective of a recovery for damages, and as this view obviates the objection if such construction be correct, I therefore pass the point with this statement.