# THE CITY OF MILES CITY, APPELLANT, *v.* RED KERN ET AL., RESPONDENTS.

[Submitted November 15, 1891. Decided May 2, 1892.]

CRIMINAL LAW— *Complaint under city ordinance.* — Section 407, fifth division of the Compiled Statutes, providing that in criminal prosecutions under city ordinances it shall be sufficient to state in the complaint the title of the ordinance, without reciting the same at length, is mandatory, and a complaint made thereunder which neither recites any part of the ordinance nor states its title will not support a conviction.

*Appeal from Seventh Judicial District, Custer County.*

Prosecution for violation of city ordinance. Defendants were tried before MILBURN, J., and acquitted.

*Middleton & Light,* for Appellant.

*Strevell & Porter,* for Respondents.

BLAKE, C., J.—The following complaint was subscribed and sworn to before the police magistrate of the city of Miles City, and filed January 28, 1891:

"In the police magistrate's court in and for the city of Miles City, county of Custer, State of Montana.

" *The City of Miles City,*

"Plaintiff,

"against                  Complaint Criminal.

" *Red Kern, George Hockens, Hi Astle,*
    *Wm. Bement, Jessie Earnest,*

"Defendants.

"Personally appeared before me this 28th day of January, A. D. eighteen hundred and ninety-one, Ed. Jackson, chief of police, who, being first duly sworn, complains and says, on information and belief, that one Red Kern, Geo. Hockens, Hi Astle, Wm. Bement, and Jessie Earnest, on or about the 27th day of January, A. D. eighteen hundred and ninety-one, at Miles City, the county of Custer, State of Montana, committed a violation of section 1 of ordinance No. 10 of ordinance of said city, in that the said Red Kern, Geo. Hockens, Hi Astle, Wm. Bement, and Jessie Earnest did, then and there being, unlawfully and maliciously disturb the peace and quiet of the neighborhood of Hi Astle's saloon and North Fifth Street, in the vicinity of said saloon, by loud and unusual noises, tumultuous and offensive conduct, fighting and threatening to fight— all of which is contrary to the form of the ordinance in such case made and provided, and against the peace and dignity of the city of Miles City."

The defendants were convicted, and sentenced by the police magistrate to pay a fine and costs. Afterwards they appealed to the District Court of Custer County, and upon the trial objected to the introduction of any testimony, on the grounds that the complaint did not state a public offense; that the power of the city of Miles City to prosecute under this ordinance is limited, and depends upon the strict construction of the statute;

and that the complaint did not set forth the title of the ordinance, as required by law. The court below sustained the objections, and instructed the jury to return a verdict of not guilty, and judgment was entered for the defendants. The city attorney excepted to this ruling, and brings the matter before this court.

A question has been raised touching the right of the city of Miles City to appeal, which has not been fully argued, and will not be considered and determined, and we will inquire into the merits of this proposition. This is an action which has been commenced under an ordinance of an incorporated city, which is entitled as follows: "Ordinance concerning offenses against good order and morals." Mr. Bishop writes upon this subject: "Always, by the common-law rules, the by-laws of municipal corporations are private, not public laws, and they must be averred in pleadings upon them, and proved like other facts at the hearing; and this is so, even though the act of incorporation is deemed public, or a statute requires the courts to notice it judicially." (Stats. Crimes [2d ed.], § 406, and cases cited.) Chief Justice Gilfillan, in *City of Winona* v. *Burke*, 23 Minn. 254, said: "Courts do not take judicial notice of city ordinances. . . . . Such ordinance should be pleaded and proved." (Suth. St. Const. [2d ed.], § 296; *Goodrich* v. *Brown*, 30 Iowa, 291; *Garland* v. *Denver*, 11 Colo. 534; *Green* v. *Indianapolis*, 22 Ind. 192.) The rules of the common law have been modified by statute, in order that a complaint of this character may be simplified. It is provided in this State as follows: "Any suit brought for the recovery of any fine or penalty, under any ordinance of a city or town, it shall be sufficient to state in the complaint or affidavit the title of the ordinance, without reciting the same at length. The affidavit shall state, in addition, the nature and character of the offense charged." (Comp. Stats. div. 5, § 407.) It will be observed that the complaint does not recite any part of the ordinance of the city of Miles City, or state its title. The statute is mandatory in this respect, and this complaint does not conform to the requirements of any system of procedure.

It is ordered that the judgment be affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.