STATE OF IOWA, Appellant, v. PETER OLINGER.

**Salary Statute:** NOT SELF-EXECUTING. Acts Twenty-third General Assembly, Chapter 16, granting certain cities power to fix the compensation of their mayors by ordinance, and limiting the salary to the amount so fixed, which should be in full compensation for all services connected with their official duties, is not self-executing, and hence is of no effect until the passage of ordinance thereunder.

**INDICTMENT:** *Pleading ordinance.* In an indictment based on a violation of an ordinance passed under Acts Twenty-third General Assembly, Chapter 16, granting certain cities power to fix the salary of their mayors by ordinance, and limiting their compensation for all official duties to the amount fixed, it is necessary to plead the ordinance, at least in substance, and an averment that the salary had been fixed under and in accordance with the provisions of such act is insufficient.

*Same.* Every law and fact essential to the charge of which the court does not take judicial notice must be pleaded in the indictment.

*Appeal from Dubuque District Court.*—HON. C. M. WATERMAN, Judge.

WEDNESDAY, DECEMBER 13, 1899.

THE defendant was accused of willful and corrupt misconduct in office, it being averred in the indictment that, as mayor of Dubuque, a city of over twenty thousand inhabitants, and acting under a special charter, "the said city of Dubuque, under and in accordance with the provisions of chapter sixteen, Laws of the Twenty-third General Assembly of the state of Iowa, theretofore had fixed the salary of the mayor of the city of Dubuque * * * at the sum of one thousand five hundred dollars per annum, which said sum of fifteen hundred dollars per annum was to be a full compensation" for all services rendered, and, that, notwithstanding this, he willfully and corruptly demanded and received a further sum of five hundred dollars as alleged payment

for services rendered to the city as chairman of the board of health. The defendant demurred to the indictment on the grounds, in substance, that it did not sufficiently allege a violation of the statute, that the statutes fixing the salary of mayors did not become operative until the adoption of an ordinance by the city council, thereafter passed, and no such ordinance was pleaded. This demurrer was sustained, and the state appeals.—*Affirmed.*

*Milton Remley,* Attorney General, *M. C. Matthews,* County Attorney, and *William Graham,* for the State.

*R. W. Stewart* and *Bonson & Bonson,* for Appellee.

LADD, J.—Chapter 16 of the Acts of the Twenty-third General Assembly was not self-enforcing. The salaries of mayors continue as before, unless changed in the manner therein provided, and in that event must be limited to the amounts named. This plainly appears from the wording of the first section: "Cities incorporated under special charters are hereby granted the power to fix the compensation of their mayors by ordinance of their respective city councils as follows: * * * For cities of over 20,000 [population] not to exceed $1,500 per annum, which amount shall be in full compensation of all services of such mayor of every kind and character whatsoever, connected with his official duties. *City of Council Bluffs v. Waterman,* 86 Iowa, 691. No more than that previously fixed as salary might be received by the defendant, unless the increase were made as here contemplated, and then not to exceed the sum mentioned in the statute. It is not charged in the indictment that the defendant received anything not authorized by the ordinances of the city at the time the Laws of 1890 went into effect. Nor do we think any ordinance enacted by the city council of Dubuque in pursuance thereof is pleaded. Judicial notice is taken of special charters. Section 43 of chapter 210 of the Acts of the Sixth General Assembly. Chapter 16 of the Acts of the Twenty-

third General Assembly, must be treated as amendments thereto. *State v. King,* 37 Iowa, 462. It is the ordinance, not the charter, which must be pleaded, for of that courts of record will not take judicial notice, except in appeals from inferior tribunals. *Garvin v. Wells,* 8 Iowa, 286; *Goodrich v. Brown,* 30 Iowa, 291; *Incorporated Town of Scranton v. Danenbaum,* 109 Iowa, 361. Every law and fact essential to make out the charge, of which the court does not take judicial notice, must be averred in the indictment. The authorities uniformly hold, in the absence of statutory provisions, that nothing less than the substance of that part of an ordinance violated can be set out, and many require the ordinance, or the portion involved, to be pleaded in *haec verba.* Dillon Municipal Corporations, section 413; Bishop Statutory Crimes (2d ed.), section 406; *City of Miles City v. Kern,* 12 Mont. 119 (29 Pac. Rep. 720); *Wagner v. Town of Garrett,* 118 Ind. 114 (20 N. E. Rep. 706); *Phillips v. City of Atlanta,* 78 Ga. 773 (2 S. E. Rep. 431); 15 Enc. Pl. & Prac. 426. Here no part of the pretended ordinance, nor its substance, is set out. Not even the title, or date of passage, or where found, is mentioned. The statement that the salary had been fixed "under and in accordance with the provisions of chapter 16 of the Laws of the Twenty-third General Assembly" was but a legal conclusion, and identified the ordinance in no possible way. Because of the entire failure to plead the ordinance, the indictment was defective, and the demurrer rightly sustained.—AFFIRMED.

GRANGER and WATERMAN, JJ., took no part.