GRIGGS, RESPONDENT, v. GLASS, CLERK OF DISTRICT COURT, ET AL., APPELLANTS.

(No. 4,178.)

(Submitted September 20, 1920. Decided November 15, 1920.)

[193 Pac. 564.]

*County Officers — Proceedings for Removal — Costs — Witness Fees—Liability of County.*

1. *Held,* that, in a proceeding brought by the attorney general under section 9006, Revised Codes as amended (Laws 1917, Chap. 25), for the removal of a county officer, the petition in which showed on its face that he acted in the name and in behalf of the state, which proceeding, however, resulted in favor of the accused, the

county, and not the attorney general personally, was liable for the payment of witnesses, and that the district court erred in granting an injunction restraining the payment of their fees.

(MR. JUSTICE HOLLOWAY dissenting.)

*Appeal from District Court, Hill County; W. B. Rhoades, Judge.*

SUIT by Victor R. Griggs, County Attorney of Hill County, against George W. Glass, clerk of the District Court of the Eighteenth Judicial District, in and for the county of Hill, and another. From an order granting a permanent injunction, defendants appeal. Reversed, with directions to dismiss.

Cause submitted on briefs of Counsel.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody* and *Mr. A. A. Grorud,* Assistant Attorneys General, for Appellants.

*Mr. Victor R. Griggs,* Respondent, *pro se.*

Does section 9006 confer upon the state, acting through the attorney general, or upon the attorney general any authority to institute a proceeding under section 9006? It is our contention that it does not, and that whether designated by the name "complaining witness," "prosecuting witness" or "plaintiff," the person who instigated the case in question is S. C. Ford and not the state of Montana or S. C. Ford, attorney general for the state of Montana. It is very evident from the reading of section 9006 as amended that it not only contemplates that an ouster proceeding should be brought by a private individual, and not by the state, but that such a proceeding cannot in any event be brought by the state of Montana, and must be instituted by a private individual. In construing any statute, the whole must be taken together, and taking together the provisions that the accusation must be verified by the oath of some "person," that if the charge is not sustained, the costs may be charged against the complaining witness, and that whether taxed

against the defendant or the complaining witness, the costs must be taxed as in civil actions, we cannot escape the conclusion that an ouster proceeding must be instituted by a private individual.

It is very evident that the object of the provision relative to costs being assessed against the complaining witness is for the protection of the defendant. And who is the complaining witness? There is only one answer to this question. He is the "person" who verifies the accusation.

In no event could the state of Montana, or S. C. Ford, as attorney general for the state of Montana, or the state of Montana, through S. C. Ford, as attorney general for the state of Montana, verify the accusation, because they are not included in the term "person" under our statutes. In the absence of a statutory provision to that effect, the state is not included in the word "person" where used in the statutes. (*Butler* v. *Merritt,* 113 Ga. 238, 38 S. E. 751; *McBride* v. *Board of Commissioners,* 44 Fed. 17; *United States* v. *Fox,* 94 U. S. 315, 24 L. Ed. 192, [see, also, Rose's U. S. Notes]; *West Coast Mfg. & Inv. Co.* v. *West Coast Improvement Co.,* 25 Wash. 627, 62 L. R. A. 763, 66 Pac. 97; *Banton* v. *Griswold,* 95 Me. 445, 50 Atl. 89; *United States* v. *Baltimore & Ohio Ry. Co.,* 84 U. S. 322, 21 L. Ed. 597 [see, also, Rose's U. S. Notes]; *State* v. *Brown,* 10 Ark. 104; *State* v. *Harman,* 57 W. Va. 447, 50 S. E. 828; *Attorney General* v. *Sullivan,* 163 Mass. 446, 28 L. R. A. 455, 40 N. E. 843.)

That the law contemplates that the action should be brought, not by the state, but by a private individual is clearly set forth in the case of *State ex rel. Payne* v. *District Court,* 53 Mont. 350, 165 Pac. 294, where the court says: "The statute does not prescribe rules of pleading. It does contemplate that the accusation may be prepared by a layman." And again, on page 357 of 53 Mont., in speaking of the nature of the proceeding, the court said: "It is initiated by a private individual. It need not be in the name of the state * * *

and it is not a criminal action in the sense that the public prosecutor must conduct the proceedings."

Whatever authority the attorney general might have for imposing the costs in question upon the state, or upon Hill county, must arise by statute, and we submit that there is no authority in our statutes for that officer imposing costs in an action of this kind, even though it be of a public nature, upon the state of Montana, much less upon the county of Hill. (See *People ex rel. Alderman* v. *Kirkpatrick,* 57 Cal. 353.)

MR. JUSTICE HURLY delivered the opinion of the court.

In July, 1917, petition was filed in the district court of Hill county in the name of "The State of Montana, on the Accusation of S. C. Ford, Attorney General for the State of Montana," asking for removal of one of the officers of that county. Upon issues joined a trial was had, which resulted in dismissal of the proceeding, with judgment in favor of the defendant named therein.

Thereafter plaintiff, as county attorney of Hill county, filed [1] complaint alleging that without authority of law the clerk of said court would issue, and the county treasurer pay, warrants to witnesses who testified in said proceeding, and praying that they be enjoined from so doing. Upon the trial a permanent injunction was granted, in accordance with the prayer of the complaint, from which this appeal was taken by the defendants.

The contention of the plaintiff respondent is that neither under the provision of section 9006, Revised Codes, nor as amended by Chapter 25 of the Laws of 1917 is there any statute authorizing the payment by the county of witnesses supoenaed to testify in proceedings arising thereunder. Section 3153 of the Revised Codes provides that the attorney general or any county attorney is authorized to cause witnesses to be subpoenaed, and to compel the attendance of witnesses in behalf of the county, or the state, without prepayment of fees. Under

section 3154 the clerk of the district court is directed to issue to any witness testifying in any civil action in behalf of the county or state a certificate of travel and attendance, the amount therein stated to be paid by the state or county treasurer. Section 3155 recites that the provisions of such sections shall extend to all actions and proceedings brought in the name of the attorney general, or any other person or persons, for the benefit of the state or county. Another section, 3183, provides that witnesses in criminal cases shall be paid, upon certificate issued by the clerk, from the general funds of the county.

By the provisions of section 7177, neither the state nor subdivision thereof, nor any officer prosecuting or defending an action on behalf thereof, is required to pay or deposit any fee or amount to or with any officer during the prosecution or defense of an action. The section further provides that no officer so prosecuting or defending shall be taxed with costs or damages, but such costs or damages shall be taxed to the state or county, as the case may be.

It is asserted that, because proceedings for removal of public officers need not be brought in the name of the state (*State ex rel. Payne* v. *District Court,* 53 Mont. 350, 165 Pac. 294), it follows that the attorney general in instituting such proceedings was not acting in behalf of the state or county, but was acting individually. In this view we cannot concur. The petition for removal indicates upon its face that the attorney general acted in the name and in behalf of the state. That he is not liable for the costs is apparent from a reading of the sections heretofore cited. Even if he acted under an erroneous theory as to the necessity of entitling the action in the name of the state, the statutory rule, as to payment of witnesses is not affected. The statutes *supra* do not penalize the attorney general or county attorney for mistakes of judgment. In *State ex rel. Loundagin* v. *Tattan,* 56 Mont. 211, 181 Pac. 984, Mr. Justice Holloway, speaking for the court, said: "We think it is reasonably clear that our Code

contemplates that, whenever a public officer sues or is being sued in his official capacity, he shall not be held personally responsible for the costs, but that the state or subdivision thereof represented by such official shall bear the burden. (Rev. Codes, sec. 7177.)   It would appear that in this instance Judge Tattan represented Chouteau county—the county in which the proceeding arose—in the same sense that a state or county officer, when suing or being sued in his official capacity, represents the state or county, as the case may be, and that the costs of this proceeding constitute a proper charge against Chouteau county; but upon this we express no opinion.   The only inquiry now before us is: Shall Judge Tattan be held personally liable?   And this inquiry we answer in the negative.''

Clearly, a proceeding for the removal of a public officer is not a mere controversy between the petitioner and the officer accused.   Whether it is *quasi* criminal or a mere special statutory proceeding is immaterial, as discussed in *State* v. *District Court, supra,* as is also the fact that it may be brought in the name of an individual, and not of the county or state.

In all its essentials it is a public proceeding ostensibly for the benefit of the public, to the end that we may have faithful public servants.   The statute as amended provides a penalty in the discretion of the court for abuse of the right afforded by the statute in the case of proceedings unjustifiably instituted; but a similar penalty is likewise provided in other instances, as incident to prosecutions in criminal actions instituted without probable cause.   In illustration see sections 9372, 9612 and 9613, Revised Codes.

The personnel of the officers of a county is a matter resting almost exclusively with the people of the county for whom they act, and in which the state in its sovereign capacity may be said to be only secondarily concerned.   If the proceeding for removal had been brought under other sections of the statute, there could be no denial of the duty of the county to pay the witness fees, without obligation upon the part of

the state at large. We can see no difference in legal effect merely because the proceeding is brought under another section to accomplish the same purpose. In such a proceeding instituted by the attorney general, in which the county may be presumed to be vitally interested, and whose interests are affected, and in whose behalf the proceedings are in fact conducted, even if not nominally necessarily in its name or the name of the state, the authority granted the attorney general by virtue of the statutes cited is sufficient to bind the county to the payment of witnesses whose testimony may be necessary to a determination of the proceedings.

In the *Payne Case, supra,* no question concerning costs was involved, and nothing said therein is in conflict with the rule here announced.

The order appealed from is reversed, with directions to dismiss the action.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES MATTHEWS and COOPER concur.

MR. JUSTICE HOLLOWAY dissents.

