DINEEN, APPELLANT, *v.* CITY OF BUTTE, RESPONDENT.

(No. 6,341.)

(Submitted October 3, 1928. Decided December 5, 1928.)

[272 Pac. 243.]

*Messrs. Maury, Brown & Maury,* for Appellant, submitted a brief; *Mr. H. Lowndes Maury* argued the cause orally.

*Mr. P. E. Geagan* and *Mr. George Howard,* for Respondent, submitted a brief; *Mr. Geagan* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This cause is before this court upon an appeal from a judgment, for defendant, rendered upon an order of the trial court, sustaining a demurrer to an amended complaint. Therefore, a question of pleading only is involved.

The cause is one for recovery of compensation for services alleged to have been rendered to defendant by plaintiff, in the alleged capacity of assistant or deputy city treasurer.

The amended complaint, to which we shall refer as the complaint, alleges the municipal corporate capacity of defendant; that one T. J. McCarthy was city treasurer of defendant; that for many years the volume of business required to be

done by the city treasurer was so great that it was impossible for that official alone to transact it and it is so still and for many years it had been and it is the custom for him to be allowed help by the employment in his office of persons who worked or work under him. It alleges submission by the city treasurer to the city council of an estimate of the amount of money necessary for the conduct of his office for the year extending from the first Monday in May, 1927, to the first Monday in May, 1928, and the appropriation therefor of $5,400. It alleges that the city treasurer appointed plaintiff "nominally assistant but in fact deputy city treasurer" and employed plaintiff as "his deputy city treasurer"; that plaintiff qualified as "assistant and deputy city treasurer" and entered upon the performance of his duties as such and he has been and is now "deputy city treasurer" and he has performed and now performs the duties of such; that he earned and became entitled to the payment to him of the salary fixed by ordinance of the defendant for the performance of such duties, to-wit, the sum of $175 per month. It alleges presentation to the city council of plaintiff's verified and itemized claim for his services in the sum of $163.72 for twenty-nine days in May, 1927, and $175 for the month of June, 1927, and its rejection; that there is due, owing and unpaid by defendant to plaintiff, on account of his services as an employee, the sum of $338.72. Such, in brief, are the principal allegations.

To the complaint, defendant interposed a general demurrer. Upon the grounds of uncertainty and ambiguity, in certain designated particulars, it demurred specially, too. The demurrer, general and special, was sustained and thereupon plaintiff declined to plead further.

Judgment, dismissing the action and for costs, was rendered in favor of defendant and plaintiff appealed therefrom. Upon appeal, counsel for plaintiff assign several specifications of error but all are tantamount to the one contention

of counsel, i. e., that the trial court erred in sustaining the demurrer.

We give consideration now to the general demurrer. Counsel for plaintiff, of course, seek to uphold the complaint but counsel for defendant attack it upon several grounds, the first of which to be considered is that necessarily plaintiff undertakes to base his action upon certain city ordinances, referred to by him, and does not plead them as required by law.

In order to recover, plaintiff must have some authority of law for his alleged employment and his services thereunder; obviously, if the law does not provide authority therefor, his action must fail. Law to sustain plaintiff, if any exist, must be found in one of three fields of law: the common law, the statutes of the state, the city ordinances of defendant·

We know of no common law for the employment of an assistant or deputy city treasurer of defendant and none has been cited. We do not find any statute of Montana providing for an assistant or deputy city treasurer for a city of the first class, in which class it is alleged is defendant, and none has been cited.

We must look then to the city ordinances of defendant. In fact, it is evident from the complaint that, as authority for his alleged employment and services, plaintiff attempts to base his action upon the city ordinances. The complaint makes repeated reference to city ordinances. It says there was duly and regularly passed by the city council, March 17, 1927, Ordinance No. 1845, for the annual appropriation by the city of all moneys necessary to carry on its governmental functions for the fiscal year from the first Monday in May, 1927, to the first Monday in May, 1928, in which there was appropriated $5,400 for salaries for such deputy and assistant city treasurers as would be employed. In another place, it refers to the salary fixed by ordinance for the performance

of plaintiff's duties as assistant or deputy city treasurer, "to-wit, the sum of $175 per month."

Having come to the inevitable conclusion that plaintiff looks to certain city ordinances, referred to by him, as the basic authority for his action, it is necessary that they be pleaded. (28 Cyc. 393; *Miles City* v. *Red Kern,* 12 Mont. 119, 29 Pac. 720.) Courts do not take judicial cognizance of city ordinances. (2 McQuillin on Municipal Corporations, 1813; *Carey* v. *Guest,* 78 Mont. 415, 256 Pac. 236.) How, then, are they to be pleaded?

Manifestly, plaintiff undertakes to plead or, at least, he makes reference to two city ordinances: one appropriating money to defray the expenses of the city treasurer's office and another fixing the salary of plaintiff as an assistant or deputy city treasurer. Section 9174, Revised Codes, 1921, provides a short statutory method of pleading an ordinance, by giving the date of passage and the title. Neither ordinance attempted to be pleaded is pleaded in that way. In the first instance, the title is not given. In the second instance, neither title nor date of passage is given. How else could they have been pleaded?

"Where a cause of action is founded upon an ordinance, the plaintiff must plead the ordinance or so much of it as relates to the action must be set out." (2 McQuillin on Municipal Corporations, 1810.) "Sometimes it is sufficient in pleading to set out the substance of the ordinance. * * * In pleading the substance of an ordinance all of the ordinance that is legally necessary must appear and it is generally sufficient if the descriptive words of the ordinance are followed. The contents should be so stated that the court can judge from the provision of the ordinance itself. Where the plaintiff depends upon an ordinance for his rights, * * * the terms upon which he relies must be set out." (Id. 1816 and cases cited.)

From the foregoing authority, it is deducible that, other than by the statutory method, an ordinance may be pleaded

by setting out *in haec verba* the whole of it or so much of it as relates to the action or by giving the substance of the contents, "so stated that the court can judge from the provision of the ordinance."

It may be that as to the first ordinance to which reference is made in the complaint, that appropriating money, the substance thereof is so stated that it is sufficiently pleaded and we are disposed to concede it. As to the other ordinance referred to in the complaint, that fixing the salary of plaintiff, it is manifest that it is not pleaded as prescribed by law it should be. If there be any such ordinance, it is not set forth *in haec verba* in its entirety or as to any part of it and there is no statement of the substance of it in the descriptive words or the terms of the ordinance. In fact, there is no allegation that any such ordinance ever was enacted. There is the merest implication, by way of recital or reference, that there was such an ordinance. There is no direct or positive allegation of the enactment or existence of such an ordinance.

It matters not how much money was appropriated if there be shown no authority for the creation or filling of plaintiff's alleged position and no fixing by proper authority of the amount of his compensation.

Whether or not it was material to show appropriation of money to defray the expenses of the city treasurer's office, at least two other things need to be shown: creation by ordinance of plaintiff's position of employment and the fixing by ordinance of the compensation attached thereto.

As to the first of those things, creation of the position, there is an entire absence of any allegation; nothing whatever to show that such a position ever was created or authorized by ordinance or that anyone had any authority to appoint any person to any such position. The allusion to appropriation of money for payment of salaries of deputy and assistant city treasurers, made in an ordinance alleged to have been enacted, is not authority for the creation or filling of the

particular position under consideration, if it may exist. As to the second, the fixing of compensation, the seeming attempt to plead an ordinance to that end and effect was not in accordance with the rules of pleading with reference to pleading ordinances; the enactment or existence of such an ordinance is not pleaded as required by law.

We see in the properly alleged facts of the complaint no authority of law for employment of plaintiff nor for recovery ▮ in his behalf from defendant. In so far as is concerned the allegation about the custom of allowing help to the city treasurer it is sufficient to say that custom, without authority of law for it, is no justification for paying out the money of a municipality nor for recovery of judgment against it. (2 McQuillin on Municipal Corporations, 1144.)

We consider the demurrer to the complaint well taken and hold it was proper to sustain it. We hold that the trial court did not err in its ruling or judgment and the judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Stark, Matthews and Galen concur.