STATE EX REL. HILYARD, RELATOR, *v.* DISTRICT COURT IN AND FOR LINCOLN COUNTY ET AL., RESPONDENTS.

No. 8763

Submitted September 15, 1947. Decided October 1, 1947.

184 Pac. (2d) 997

Mr. Forrest C. Rockwood, of Kalispell, and Mr. Oliver Phillips, of Libby, for relator.

Mr. James B. O'Flynn and Messrs. Rognlien & Murray, all of Kalispell, for respondent.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the Court.

Certiorari. Original proceeding. The relatrix, Margaret Hilyard, petitions for a writ of certiorari to review an order of the district court of Lincoln county, Montana, and the Honorable Dean King, the judge thereof, made in cause numbered 2143 therein, which order vacates the default of the defendant Andrew N. Sundvold and substitutes for him as party defendant his assignee, Wallace Monk.

This court directed the issuance of an order directing respondents to show cause why the writ should not issue. On the return day respondents appeared by counsel and interposed a motion to quash the order to show cause and to dismiss the proceeding.

The petition of relatrix shows: On January 25, 1947, relatrix commenced cause numbered 2143 in the district court of Lincoln county against the defendant Andrew N. Sundvold and others, seeking to quiet her title to certain described lands situate in said county of which she claims to be the owner and in possession. On February 10, 1947, summons was personally served upon the defendant Sundvold who, failing to appear, on March 5, 1947, suffered his default to be entered. On February 19, 1947, the defendant. Sundvold made and delivered to one Wallace Monk a written assignment of all timber seven inches and over in diameter growing upon the lands described in the complaint. Monk, not being a party to the suit, on April 18, 1947, applied to the court for leave to intervene and thereafter, on May 9, 1947, filed a motion for his substitution as a party defendant for Sundvold and to set aside the latter's default, supported by his affidavit and that of his attorney explaining why he did not sooner move for substitution and to set aside the default. On May 22, 1947, the court denied Monk's application to intervene but granted his motion for substitution and to set aside Sundvold's default and gave Monk ten days in which to plead to the complaint of relatrix.

Relatrix urges that the district court exceeded its jurisdiction in making said order of May 22, 1947, contending that the as-

signee Monk is not the "legal representative" of his assignor, Sundvold, as such term is employed in section 9187, Revised Codes. Relatrix cites 24 Words and Phrases, Perm. Ed., page 616 and quotes the abstract there appearing of the case of Ralston v. Sharon, C. C., 51 F. 702, in which abstract it is said: "It is true that heirs, trustees, and *grantees of real property, assignees of contracts* or patents, * * * may in certain cases be considered as the legal representatives of the property involved." (Emphasis supplied.)

Section 9187, Revised Codes of Montana of 1935, is the same as section 473 of the California Code of Civil Procedure construed by the Supreme Court of California in the early case of Plummer v. Brown, 64 Cal. 429, sec. p. 703, quoted with approval by the Supreme Court of Oklahoma in Brown v. Massey, 13 Okl. 670, 76 Pac. 226, and approved by this court in State ex rel. O'Connor v. McCarthy, 86 Mont. 100, 282 Pac. 1045. See also Malone v. Big Flat Gravel Min. Co., 93 Cal. 384, 28 Pac. 1063.

Under the foregoing authorities the respondent district court acting under section 9187, Revised Codes 1935 did not exceed its jurisdiction in making the said order of May 22, 1947.

The order to show cause herein is quashed, the writ denied and the proceedings dismissed. It is so ordered.

Associate Justices Choate, Angstman, Cheadle and Metcalf, concur.