(13 Misc. Rep. 732.)

PEOPLE ex rel. GORING v. PRESIDENT, ETC., OF VILLAGE OF WAP-
PINGER'S FALLS.

(Supreme Court, Special Term, Kings County.   August, 1895.)

MANDAMUS—ASSESSMENT OF DAMAGES.
   Where a peremptory writ was granted in the first instance, no question
   of fact having been raised, relator is not entitled to have damages assessed,
   since, under Code Civ. Proc. §§ 2083, 2088, such right exists only where
   he would have had at common law an action for damages for a false
   return.

Application by Edward M. Goring for a writ of mandamus to com-
pel the president and trustees of the village of Wappinger's Falls to
recognize relator as police justice of said city.   The application was
granted (30 N. Y. Supp. 265; 31 N. Y. Supp. 758; 39 N. E. 641),
and relator now moves for an assessment of damages against defend-
ants.   Denied.

Bernard J. Tierney, for relator.
Frederic Barnard, for defendants.

GAYNOR, J.   The relator cannot recover damages herein.   At
common law, when an issue of fact was raised by a return to an
alternative writ of mandamus, such issue could not be tried in the
mandamus proceeding.   The return was conclusive until falsified,
and the only way to falsify it was by a judgment for plaintiff in an
action by the relator for damages for a false return.   If the relator
prevailed in that action, he not only got judgment for his damages,
but was also entitled to have a peremptory writ of mandamus issue.
But this method being too dilatory, statutes were enacted that the
issue of fact should be tried in the mandamus proceeding itself, and
that, if the relator succeeded, he might have assessed therein the
same damages which he could recover in an action for a false return.
Bac. Abr. "Mandamus," K.   And this is the method prevailing in
this state.   An issue of fact raised by a return to an alternative writ
is triable by a jury, and the relator is entitled to a verdict in case he
would be entitled thereto if he had brought an action for damages
for a false return (Code Civ. Proc. § 2083); and, if he so elect, he may
at the same time recover the damages which he could recover in such
an action (Id. § 2088).   In this case there was no false return.   On
the contrary, a peremptory writ was granted in the first instance,
there being no question of fact raised; and hence, the relator having
no cause of action for damages for a false return, there can be no
such damages to be assessed.
The application is denied, without costs.

## On Motion for Reargument.

GAYNOR, J.   The questions raised upon the reargument were not
overlooked in the first disposition of the case.   The peremptory writ
was granted in the first instance.   Therefore there was and could be
no "final order" herein.   The final order is the "final judgment" up-

on the trial of an issue of fact raised by a return to an alternative writ, or of an issue of law raised by a demurrer to such writ, or to the return thereto. Code, § 2082. "Where a return has been made to an alternative writ," the court, "upon making a final order," may award "the same damages, if any, which the relator might recover" in an action upon such return as false. Id. § 2088. This same section continues, that if the trial be of an issue of fact (i. e. the issue raised by a return to an alternative writ), the relator, if he "so elects," may have such damages assessed upon the trial thereof; and that "where he is entitled to a final order for any other cause" (which could only be upon trial of an issue of law raised by demurrer to an alternative writ or to the return thereto, as we have seen), "he may require them" (i. e. "the same damages" which he could recover in an action for a false return), "to be assessed as in an action." Now, in this case —First, no "final order" was or could be made, and, therefore, no such damages could be assessed; second, if the order allowing the per-emptory writ in the first instance could be deemed the "final order," it is now too late to assess the damages in this proceeding, as they had to be assessed before the final order was made, the relator hav-ing to "elect," before it was made, whether he would have them as-sessed in the mandamus proceeding, or have recourse to his action for a false return (section 2088); and, third, as no action for damages for a false return could be maintained by the relator (for the reason that there was no return), there could be no damages to assess herein; for the fact that the relator may have a right to recover damages in some other form of action does not give him the right to assess the same here.

The motion for a reargument is denied.