(20 Misc. Rep. 27.)

PEOPLE ex rel. GORING v. PRESIDENT, ETC., OF VILLAGE OF WAP-PINGER'S FALLS.

(Supreme Court, Special Term, Kings County. March, 1897.)

MANDAMUS—DAMAGES.

    A decison of the supreme court refusing to award damages to relator in a mandamus proceeding because there had been no return to the writ was reversed by the court of appeals without deciding what damages were assessable, or stating the rule of damages. *Held*, that the special term, in assessing damages pursuant to such decision, would consider the whole case equitably, in respect to counsel fees, expenses, etc., and award such sum as seemed just.

Application by Edward Goring for a writ of mandamus to the president and trustees of the village of Wappinger's Falls, to compel them to recognize relator as police justice of said village, and fix his salary. The application was granted (30 N. Y. Supp. 265; 31 N. Y. Supp. 758; 39 N. E. 641), and relator moved for an assessment of damages. An order was entered at special term denying the motion (35 N. Y. Supp. 213), and was affirmed by the general term (37 N. Y. Supp. 1148), but was reversed by the court of appeals (45 N. E. 852); whereupon relator again moves for an assessment of damages.

Bernard J. Tierney, for relator.

Frederick E. Barnard, for respondents.

GAYNOR, J. I find myself quite unable to dispose of this case upon any theory or principle of law. When the matter was first heard, it was decided that there were no damages to the relator that could be assessed hereon. 13 Misc. Rep. 732, 35 N. Y. Supp. 213. This was affirmed at general term, but reversed by the court of appeals. 151 N. Y. 386, 45 N. E. 852. It is said in the opinion of the latter court that "the court [special term] refused to consider the question of damages on the proofs for the reason that there was no 'final order,' as defined by the Code of Civil Procedure (section 2082), and that no cause of action to recover damages for a false

return existed (section 2088) which permitted relator to elect to have his damages awarded to him in this proceeding." This statement seems to fall short, as the main stated ground of the decision below was that the only damages that could be recovered by a relator in a mandamus proceeding were such as were caused by a "false return," and could be recovered in an action for damages for such false return; that there had been no return herein; "and hence, the relator having no cause of action for damages for a false return, there can be no such damages to be assessed." 13 Misc. Rep. 733, 35 N. Y. Supp. 213. The parties had had a reference by consent to take proof as to damages, and proof was taken tending to show loss of fees and emoluments of the office from the beginning of the term, and the expense incurred in this proceeding from the beginning until it was finally decided by the court of appeals affirming the order granting the peremptory writ, including counsel fees. This stipulation was made upon notice of an application of the relator after such affirmance to have an assessment of damages herein under section 2088 of the Code of Civil Procedure. It could have reference only to such damages as could be assessed herein. It is agreed by the court of last resort that it was not "an admission of the existence of a valid claim for damages." It then adds: "It is, however, an admission that the relator is entitled to have his damages, if any exist, assessed and awarded in this proceeding, and it is the duty of the special term to consider the proofs submitted." The special term so regarded it, and did consider the proofs submitted, and found that there were no damages proved that were assessable herein, viz. no damages caused by a false return herein, that being the only damage that ever could be or may now be recovered in a mandamus proceeding. It did in the end just the same as it would have done if it had listened to the proofs instead of their being taken before a referee. The relator in such a proceeding may have assessed "the same damages, if any, which the relator might recover in an action against the defendant for a false return." Section 2088.

The court of last resort not having pointed out what damage disclosed by the proofs is assessable herein, or what the rule of damage is, this court finds itself in the same difficulty as when the matter was first before it. May it go back, and award to the relator lost emoluments of his office from the beginning of his term up to the day he petitioned for the peremptory writ of mandamus? May that damage, though it had accrued before this proceeding was begun, be considered as caused by a "false return" herein? May loss of emoluments between the granting of the peremptory writ and the decision of the appeal to the court of appeals be deemed such damage as could be recovered in an action upon a false return, and therefore assessed herein? Upon what principle could this be so? The damages caused by a false return all necessarily accrue prior to the making of the final order for the peremptory writ, for at that time they have to be awarded. Sections 2083, 2088. Or in assessing damages in obedience to the decision

of the court of last resort, are the few days which may have elapsed between the hearing of the application and the granting of the peremptory writ (the period within which decision was reserved) to be considered as the time during which a "false return" is to be considered as having damaged the relator? The fact is that there was no return at all, much less a false one; but on the contrary, a peremptory writ was asked for in the first instance, and granted, the facts being undisputed. If, nevertheless, the respondents are to be deemed as having done a wrongful act, viz. put in a "false return," in that they appeared upon the application for the peremptory writ, and argued the questions of law involved, what damages could be recovered in an action for such tort (for an action for a false return is an action for a tort)? How many days did it postpone the granting of the order for the peremptory writ? Did it or could it have any effect except such postponement?

In addition to the foregoing it needs to be stated that the application was not for a writ of mandamus to have the votes canvassed, or to put the relator into the office. On the contrary, he had been duly elected, the votes had been duly canvassed, and he had duly qualified, and was in the office. The application was to compel the relators (the trustees of the village) to recognize him and provide him a suitable court room, books, blanks, etc., and to fix his salary. Are the damages he is entitled to, as caused by a "false return" herein, the expense he was put to for a court room, books, blanks, etc., which he has not proved? For loss of salary he can get nothing, as it was discretionary with the trustees whether he should be given a salary (144 N. Y. 619, 39 N. E. 641); and if he lost fees and emoluments it must have been because people did not bring cases before him, though they were free to do so. If the expense of employing counsel must be deemed as caused by a false return herein, what period of time in the litigation is covered by so holding,—the period before the "false return" was made, and the wrong of making it could have caused any damage, or only the period during which the decision of the special term was held under consideration and the appeals were pending, or only the period after the order granting the writ was made, or the whole period of the litigation?

I am wholly unable to assign any item of the claimed expense or damage as caused by a false return or that could be recovered in an action therefor. But being required to assess damages by the decision on appeal, and not being free to again refuse to do so, the only thing I can do is to consider the whole case equitably in respect of counsel fees, expenses, etc.; and so viewing the case I assess the relator's damages as for a false return, though none in fact was made herein, at $1,000. Ordered accordingly.