Belaval, Petitioner and Appellant, *v.* Todd, Mayor of San Juan, Respondent and Appellee.

Appeal from the District Court of San Juan, Section 1, in Proceedings for the Execution of Judgment in Mandamus.

No. 1552.—Decided February 20, 1917.

Decided on Reconsideration April 10, 1917.

Mandamus—Removal from Office—Damages—Salary—Judgment—Presumption—Jurisdiction—Execution.—Although in a petition for mandamus for reinstatement of the petitioner in his office or employment damages are claimed also under section 11 of the Mandamus Act, to be measured by the salary withheld from him, if the judgment only orders the reinstatement of the petitioner and is silent as to the damages, the presumption is that damages were not proved at the trial and that the question was decided adversely to the petitioner, the trial court having no jurisdiction to enter an order later for the collection of said salary in execution of the judgment.

Id.—Damages.—It is clearly understood from section 11 of the Mandamus Act that the indemnity to which the petitioner is entitled for damages sustained should be ascertained by the court simultaneously with or prior to the issuance of the peremptory writ.

Id.—Pleading and Practice—Judgment—Presumption.—In the absence of a showing to the contrary the presumption is, under the elementary law of pleading and practice, that in its judgment the court determined all the issues between the parties, or that those which the judgment did not show as determined were found adversely to the petitioner.

ID.—ID.—EVIDENCE—TRIAL—RECONSIDERATION.—The parties must present their proofs at the trial and when a case is submitted to the court for decisión the defendant is released from further attendance at the trial, it being the almost invariable rule not to reopen a case to supply a deficiency.

ON RECONSIDERATION.

ID.—ID.—SALARY—POWER TO EXECUTE—DUTIES PUBLICI JURIS—DE FACTO OFFI-
CIAL—QUAERE.—When in a proceeding for mandamus against a mayor for the reinstatement of a petitioner in his office of director of hospitals and for mandamus, no specific claim for said damages is set up in the petition and the action is not one for the recovery of salary, the question of salary is excluded and the mayor cannot be commanded to pay the same by rea-son of the nature of the proceeding, the terms of the petition and the capacity of the official against whom the writ was issued; for the Mandamus Act provides that the person to be coerced must have power to execute the act, and the mayor is not the official who pays the salaries of the employees. To say that the damages should be measured by the salary does not make the two terms convertible. The only acts subject to mandamus are duties *publici juris* and never an obligation to pay a specific sum awarded by judgment. *Quaere:* Whether the payment of the salary to a *de facto* offi-cial would bar recovery of the same by the petitioner?

The facts are stated in the opinion.

*Messrs. Eduardo Acuña, Horacio S. Belaval* and *José Mar-tínez Dávila* for the appellant.

*Mr. Ramón Falcón* for the appellee.

MR. JUSTICE. WOLF delivered the opinion of the court.

The ultimate effect of the various previous hard-fought appeals in this case was to require the court below to execute the judgment rendered by it on the 22d of May, 1914, as follows:

"JUDGMENT.—On the 14th of May, 1914, and in open court this case was called for hearing on the writ of mandamus prayed for by the petitioner, both parties having appeared by their respective counsel who announced that they were ready for trial.

"Whereupon the defendant presented his answer, both parties read and introduced their documentary and oral evidence which was admitted and duly examined on said 14th day of May, 1914, and on the 15th, 16th, 18th and 19th days of said month and year, and the case was submitted on briefs, a period of three days having been granted for the presentation thereof.

"And to-day the court, after having carefully examined the pe-tition presented, and for the reasons set forth in the opinion which

appears in the record and forms part of this decision, renders judgment sustaining the said petition and orders that a peremptory writ of mandamus issue directing the defendant to restore to his office Doctor José S. Belaval, with costs upon the defendant.

"Done in open court on the 22nd of May, 1914, and entered on the same date. Signed: Félix Córdova Dávila, Judge. Attest: C. Marrero, Secretary. Copy of the judgment rendered in this case and entered at folios 191, 192, and 193, volume 11. Signed: C. Marrero, Secretary."

Accordingly on the 7th day of June, 1916, the court below, in a reasoned writ or *auto,* commanded the mayor to restore Dr. Belaval to his position as Director of the Municipal Hospitals of San Juan with all the prerogatives and emoluments of said position and this writ was returned by the marshal as executed on the 8th of June, 1916. On the 9th of June, 1916, two years and some days after the original judgment was entered in this case, the petitioner made an application to the District Court of San Juan, reciting, in effect, that now that Dr. Belaval had been restored to his position as director of hospitals, it remained to execute the second particular of his petition for a mandamus, relating to damages which were to be measured by the salary, all in accordance with section 11 of the law of mandamus.

From the record it must be assumed that there was no further trial in this case. The presumption is that the court proceeded duly and that the judgment of May 22, 1914, determined all the issues between the parties, or that those which the judgment did not show as determined were found adversely to the petitioner. This is elementary law of pleading and practice. Likewise it would have been the duty of the appellant to show the contrary. The judgment, it may be noted, makes no award of damages to the petitioner.

The court considered the said application of the petitioner for further execution of the writ of June 7th and finally found that as part of his emoluments, to which the writ refers, he was entitled to the whole of his salary from the date of his removal to the date of his restoration, and on June 14, 1916,

made an order to put its decision into effect. The respond-
ent came into court and showed that the said salary had been
paid to two other officials who, from time to time, had occu-
pied the office as *de facto* directors. On this showing, on July
6, 1916, the court set aside its said order of June 7th with-
out prejudice to the right of appellant to recover in a sepa-.
rate action.

There has been much discussion of the right of a munici-
pality to be exempt from payment where payments have been
made to *de facto* officers, but we shall not consider this be-
cause at the times the said orders were made the court was
without authority, and, we think, without jurisdiction, to
order the payment of the salary to the petitioner. For this
theory of a claim for damages in this case the appellant re-
lies on section 11 of the mandamus law, which, with section
12, we transcribe:

"Section 11.—If judgment be given for the plaintiff he shall
recover the damages that he shall have sustained, to be ascertained
by the court as in a civil action, and costs; and a peremptory man-
damus shall also be granted to him without delay.

"Section 12.—A recovery of damages by virtue of this law against
the parties who shall have made a return to a writ of mandamus
is a bar to any other action against the same party for the making
of such return."

In pursuance of his idea of the apparent right so given,
the appellant in his original petition recited that he was re-
ceiving the sum of $2,000 a year as director and prayed that
the court should award the damages suffered by him. The
judgment transcribed *supra* shows that a trial was had where
both parties presented proofs and the case submitted on
briefs. The judgment, however, as we have said before, made
no award of damages.

We might enter into some speculation as to whether the
petitioner abandoned his claim to damages, or whether he
intended to reserve his right, as would appear from his sub-
sequent action, or whether he neglected altogether to prove

his damages. Certain it is that both appellant and appellee had their trial and day in court and the judgment is silent on the matter of damages. *De non apparentibus et non existentibus eadem est ratio,* and we must presume what is almost unquestionably the fact, that no damages were shown at the trial. The judgment concluded all the issues between the parties.

If, and especially after the lapse of time in this case, the appellant had made an application to the court for a reopening of the case, by setting aside or modifying the judgment to permit him to prove his damages, the court, we think, would have been bound to deny the application and, even if it had a discretion, to refuse the exercise thereof. Parties must present their proofs at the trial and when a case is submitted to the court for decision, the defendant is released from further attendance at the trial, and it is the almost invariable rule not to reopen a case to supply a deficiency. But no application for a reopening of the case was made, and very properly so.

The appellant sought to recover his damages by way of execution without any adjudication and, presumptively, without any trial on the issue of damages. Except that we know that the appellant was acting in good faith, it is a curious commentary that the mayor was to be condemned in damages without trial or proof in the very action which was founded on the lack of notice and hearing to the appellant in removing him from office. The fact is, however, that the question of damages should have been determined at the trial, and the attempt to reach the award of damages by way of supplementary petition and execution was not at all justified. The whole ultimate proceedings of appellant were *coram non judice.* The appellee had a right to be heard at a trial, and at the original trial, on the matter of damages.

These principles are fundamental and we do not try to deduce them by the citation of cases, but we have found one very interesting case in close relation to the facts of this

trial, namely, *People ex rel Goring* v. *President, etc.*, 13 Misc. 732. The opinion was by Mr. Justice Gaynor. Before the enactment of special laws similar to section 11 the relator could only recover damages by a separate action. After the order for a peremptory mandamus in that case an application was made for an assessment of damages, somewhat according to the manner of the petitioner here, and the court found that there could be no damages as they had to be assessed before the final order. Such, we take it, is the plain intimation of section 11, *supra,* on which appellant relies. Tht assessment of damages is contemporaneous with or precedes the issue of the peremptory writ.

To judge by the attitude of the appellant at the hearing, he would argue that the damages, being for salary, were a fixed, definite sum. Yet, also, appellant maintained that the action sounded in damages, just as the statute provides. The mayor, following appellant's own theory of recovery, might have shown matters to defeat the whole or part of the damages, and whether he was justified or not to defend against a recovery, just as he did in defence of the execution process attempted to be issued in this case. If the nature of the claim was for damages, the mayor might, perhaps, as in cases of master and servant, have shown that a particular employee was not damaged to the whole extent of his salary by reason of other employment or other remuneration.

The case of *People ex rel Goring* v. *President, etc., supra,* shows another difficulty, which we mention rather than definitely decide, and that is that the damages contemplated by the law of mandamus are only those that arise after the issuance and service of an alternative writ of mandamus. At common law, the opinion shows, there could be no damages in a mandamus proceeding. When an alternative writ was answered the answer concluded the petitioner, and if the answer was false, the relator was bound to bring an action for a false return wherein, if he were victorious, he not only got damages for such false return but also a peremptory

mandamus. Statutes were passed to enable petitioner to recover in the same mandamus proceeding, but as Mr. Justice Gaynor says, only for the false return. The statutes passed appeared to be the same or similar to our own. The damages, whatever they were or whatever their nature, could only date from the false return.

In other words, there is even some question whether the appellant could obtain in a petition for mandamus all the damages he claimed.

All these considerations go to show that the question of damages *vel non* ought to have been adjudged in a plenary trial. The order appealed from was correctly made, even though we think it is controlled by stronger reasons than those assigned by the judge, and it must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

———————

A motion for reconsideration having been filed, MR. JUS- TICE WOLF delivered the following opinion of the court on April 10, 1917:

The appellant has filed a motion for a reconsideration. It seemed to the court that the original opinion was fairly plain, but, in view of the difficulties under which the appellant seems to be laboring, we have taken time from a very busy session further to set forth the grounds of our judgment. The *auto* of June 7, 1916, ordered that Robert H. Todd, mayor of San Juan, should immediately restore Dr. Belaval to his position, with all prerogatives and emoluments; and the order or decision of June 14, 1916, said that the emoluments to which the order of June 7 referred were all the salary (*sic*) which had accrued from the date on which Dr. Belaval was removed from his position.

The appellant, while technically insisting that he was attempting to recover damages according to section 11 of the

Mandamus Law, in effect treats the proceedings as if they were a suit to recover salary by specific command.

The attempt in this case to recover more than four thousand dollars by specific command, *quasi mandamus,* was justified neither by the judgment nor by the trial nor by the pleadings nor yet by any provision of law.

The principal matter is the judgment itself. If it be examined again it will be seen to order the restoration of petitioner and to award costs, but to make no award of damages. The judgment says that the petition lies and that the court orders that the writ should issue with costs, but in the dispositive part of the judgment, after the words "it orders," there is no pronouncement of damages, either as to salary or as to a house, nor other things claimed in the petition and explicitly abandoned. The pronouncement of damages ought to be in the judgment itself. In every suit the familiar form of a judgment is to say that the complaint lies, and then the court proceeds to make the pronouncements to which it considers the complainant entitled. To say that a complaint lies, or to say that a petition lies, is only to support the complainant. This is the practice in both Spanish and American courts. Moreover, if section 11 be examined it will be seen that the damages are to be ascertained by the court as in a civil action. If the damages are to be ascertained as in a civil action, they must be ascertained by judgment and the judgment must make a finding thereon. The section goes on to say that a peremptory mandamus shall also be granted, showing that the judgment should contain both the mandamus and the damages. If they are not contemporaneous the award of damages apparently precedes the mandamus. In this case there was no reason to render damages in any different way than would have been rendered in any other civil action. The proposition that a judgment must contain the pronouncements necessary to carry it into

effect seems to us axiomatic. A paragraph from 23 Cyc. 671, states the law:

"It is necessary to the validity of a judgment that it should be certain and definite, or be capable of being made so by proper construction; and to this end it should state clearly the time of its rendition, the parties, the matter in dispute, and particularly the result of the action with the relief granted, so that what the judgment gives, orders, or decides should be clearly apparent."

The appellant maintains that the court below was the best judge of the force and effect of its own judgment. The appellate court, after judgment is rendered, has the same right as the lower court to interpret what the words of the judgment mean. The court below cannot give a judgment a force which does not flow from the judgment itself. Besides, we think that the court below did not give the interpretation to its own judgment for which appellant contends. The court said in its order of June 14 that the judgment ought to be limited to ordering that petitioner be restored to his position and that the accessory matter of damages should be given with the *auto*. In other words, by execution, as held in the original opinion.

The appellant also maintains that this court supported the present contention of appellant in two of its decisions. In the first case of *Belaval* v. *Todd*, 22 P. R. R. 590, this court, still in some doubt as to whether the petitioner could be put in possession of his office at that date, said that the affirmance of the judgment might give him some rights of which he might otherwise be deprived. This was not a holding by this court that the petitioner had a right at that date to recover his salary in this same mandamus proceeding. It simply left the petitioner to exercise any rights he might have, which is a very different matter from saying that he could recover his salary in the same proceeding.

In the second case of *Belaval* v. *Todd*, 24 P. R. R. 24, the court squarely refused to decide the question as the judgment itself was not before us. There is no possibility of interpret-

ing the refusal of this court to make a specific determination as being a determination in favor of appellant. The principal matter before the court, narrowly decided by a vote of three to two, was that the petitioner had a right to be restored to his office, and that is all the case decided. On June 7, 1916, the judgment rendered by the District Court of San Juan on the 22d day of May, 1914, had gone into history, and in the absence of fraud or some similar extraordinary element could not be enlarged or extended. Neither this court nor the court below had any right to insert something into it that was not already there.

We have said there was no trial on the subject of damages. With respect to most of the damages claimed by petitioner, necessarily very little could have accrued at the date of the judgment. Within one month after his dismissal the court ordered that appellant be restored to his position. There surely was no trial on the damages accruing after judgment. In its opinion the court below touched upon a phase of this matter when it said that the mayor might show payment. The principal point, however, is that there were no damages *qua* damages. We are satisfied that no damages were proved, but only that appellant when removed was drawing a salary of two thousand dollars. Apparently at all times the appellant thinks that damages and salary, in this case, are convertible terms. To say that the damages are measured by the salary does not make the two terms convertible. When a defendant is sued for damages he has a right to show in any way he can that the complainant is not injured to the extent of his claim. We agree with the court below that if a public officer brings suit in a proper case for a specific recovery of salary the defendant may not set off any salary the complainant has earned elsewhere. Apparently the court, too, was under the impression that damages and salary were convertible terms, but as we have intimated before, this was not a suit for salary.

Moreover, the question of whether the gains of appellant might or might not be deducted, assuming that this was a specific suit for salary, was a question of law on which appellee had a right to be heard at a trial and on which, in point of fact, he was not heard. In passing, we should say that the only fact that was proved at the trial, as inferred from the record, was that the petitioner was receiving a salary of two thousand dollars, the use of a house and other things. The answer of the defendant did not deny these facts. But the failure to deny was not an admission that petitioner was entitled to his damages. The proper paymaster might actually have paid his salary.

There was no specific claim for damages in this case. The petitioner merely asked damages but fixed no sum. The question of his salary was excluded by the terms of the petition, by the nature of the mandamus proceeding in this case, and by the officer against whom the writ was directed. The mayor of San Juan is not the officer who pays the salary. Damages might have been awarded against Todd for his illegal act, but he could not be ordered to pay the salary.

We cannot but believe, knowing the capacity of counsel, that they would be the last to maintain that when damages are awarded by a judgment, such damages can be collected at the specific command of the court. They must be collected in a mandamus proceeding just as the costs would be: by execution against the property of the defendant. If the judgment had said "with damages to be measured by the salary from the date of the removal to the date that petitioner is restored to his position," supposing that the court had power to make such pronouncement, the judgment would still sound in damages; and damages, like costs, must be collected by execution against the goods or property of the party against whom the judgment is pronounced. With a judgment for damages neither the court nor the marshal had the right to attempt to collect by specific command. If the mayor, on the presentation of the order in this case, had merely refused

to obey and the court had issued its contempt process and placed the mayor in jail for failure to pay, he would have been entitled to his release on habeas corpus, not only on the ground of lack of power of the district court, but because such an order would be tantamount to an imprisonment for debt. The only things that are subject to mandamus are duties *publici juris* and never obligations to pay a specific sum awarded by the judgment.

The Law of Mandamus provides that the party to be coerced must have the power to perform the act. The mayor had no such power with respect to the salary. He was not the officer who could make the payment.

We have intimated in the original opinion that the question as to what damages could be recovered in a mandamus proceeding is involved in doubt. While it was largely a moot-court question in this case, we are inclined to think that the court below was right in holding that salary, as such, could not be recovered by specific command, where it was already paid to *de facto* officers. At the hearing in this court, to gainsay this theory the appellant strongly maintained that what he sought and had recovered by section 11 of the Mandamus Law was damages. Damages, we agree, was a matter to which the appellant might have been entitled, but he obtained none in his judgment. The judgment is the heart of the matter for our purposes and the rest of the discussion is for the purpose of showing that the judgment could not have the effect contended for.

Appellant also urges that the only point before this court was whether the payment to *de facto* officers prevented the recovery by appellant. As to what courts will notice on appeal, although not perhaps discussed below, such as jurisdiction, or the statement of a cause of action, we refer counsel to the books and to section 109 of the Code of Civil Procedure. To visualize the situation, we might say that after the court had issued its order of June 14, requiring the mayor to pay a specific sum of money, we should have considered

and sustained an application for a writ of certiorari without waiting for the slower process of appeal.   By the direct terms of the law certiorari lies for errors of procedure, and necessarily for matters of jurisdiction, and it is a commonplace to say that if an appeal lies it will cover all the matters that might be reached by certiorari.   On appeal from a judgment or order we are bound to notice whether the court had power to do the things contended for.

The motion must be

*Overruled.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.