STATE EX REL. BARRY, APPELLANT, *v.* O'LEARY ET AL., RESPONDENTS.

(No. 6,346.)

(Submitted December 4, 1928. Decided December 21, 1928.)

[272 Pac. 677.]

*Mr. Philip O'Donnell,* for Appellant, submitted a brief and argued the cause orally.

*Mr. N. A. Rotering,* for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The relator is an active member of the paid fire department of the city of Butte and also a member in good standing of the Fire Department Relief Association of that city. This association is organized and existing under the provisions of that statutory jumble known as Chapter 50, Part IV of the Political Code, as amended by Chapter 58 of the 1927 Session Laws. (Secs. 5109 to 5137, inclusive, Rev. Codes 1921.)

In the articles of incorporation of the association it is provided that whenever any active member of the association in good standing becomes incapacitated from performing his duties as an active fireman by reason of sickness or accident, he shall be paid from the firemen's disability fund his regular monthly salary. (Art. VI, sec. 1.) Section 3 of the same Article provides that any claimant shall have the right to appeal to the association in the event his claim is disallowed, and section 6 of Article I provides that no moneys

of the association shall be paid out or disbursed by the treasurer except upon a warrant therefor drawn upon him by the secretary and countersigned by the president, stating the purpose for which the money is paid. As will be seen later on, sections 3 and 6, supra, are covered in substance by section 5123, as amended.

On April 1, 1927, relator contracted illness in the line of his duties as fireman and was compelled to remain away from his work from that day until June 23, 1927. During that period his salary amounted to $415. He presented a claim for that amount to the board of trustees of the association, which rejected it. He thereupon appealed to the association. Upon the hearing of the appeal a resolution was passed, in effect directing that it be ascertained whether the city would pay the claim, with a proviso that if the city would not, then the claim should be paid in full out of the firemen's disability fund. The city refused to pay, of which the president and secretary were apprised; nevertheless they refused to sign any warrant in relator's favor, although relator demanded that they do so. Relator then brought this proceeding in the district court, setting forth the foregoing and other facts, praying for the issuance of a writ of mandate commanding the president and secretary to sign, countersign and deliver to him a warrant upon the firemen's disability fund in the sum of $415. Relator alleged that in refusing to draw the warrant the defendants, president and secretary, respectively, acted wilfully, maliciously, unlawfully, intentionally and oppressively and for the purpose of depriving him of his just rights, benefits and privileges as a member of the association. He alleged that he had been compelled to employ an attorney and that the attorney's services in the premises are reasonably worth the sum of $1,000. He also prayed for the sum of $5,000 as punitive damages.

The defendants appeared by motion to quash and demurrer. The court sustained both and ordered the proceeding dis-

missed, evidently upon the theory that the association had no power under the law to award the relator any sum in excess of half of his monthly salary. Judgment was entered on the order, from which the relator has appealed.

Section 5129, Revised Codes 1921, as amended by Chapter 58 of the Laws of 1927, permits designated members of a fire department in an incorporated city or town where there is an organized fire department which is recognized by the city council, to form a fire department relief association, and to incorporate the same. A "disability and pension fund" of the association and machinery for its maintenance are provided for. (Secs. 5117, 5118, 5119, 5126, 5127, 5128, Rev. Codes 1921, as amended by Chap. 58, supra.) Section 5120 provides for a board of trustees, and section 5121 prescribes its duties. Section 5123 provides:

"Every fire department relief association may allow to its members benefits for the following causes, as provided by law:

"1. A service pension to a member who, by reason of service, has become entitled to a service pension.

"2. To a member who has become maimed or disabled for life in line of duty.

"3. To a member who has suffered injury in line of duty.

"4. To a member who has contracted sickness in line of duty.

"5. Funeral expenses of a member.

"6. Pensions to the widow, orphan or orphans of a deceased member.

"All applications for relief shall be referred to the board of trustees. All claims shall be referred to the board of trustees for allowance or disallowance and claimant shall have the right to appeal to the association in the event his claim be disallowed. All claims shall be paid by warrant, duly authorized, drawn by the secretary, and countersigned by the president of the association, and on presentation thereof,

the treasurer of the association shall pay the same out of the said pension and disability fund."

Sections 5132 and 5133 provide that every fire department relief association may pay out of the disability and pension fund a service pension not to exceed one-half of the monthly salary last received by the pensioner. Each of these two sections covers some of the same ground covered by the other. In other words, in certain respects they are duplicates. This is one illustration of the bungling manner in which the subject has been legislated upon. Again, section 5135 practically duplicates in part section 5123, supra. These sections—5123 and 5135—demonstrate clearly enough that a service pension granted to a member, who by reason of service has become entitled thereto, is one thing, and a benefit or allowance to a member who has contracted sickness in the line of duty is quite another thing. We think it is likewise clear that the provision that the service pension shall not exceed one-half of the monthly salary last received by the member has no application to the benefit allowed to a member who has contracted sickness in the line of duty.

Section 5123, Revised Codes 1921, before amendment provided that the benefit paid to any member of the fire department disabled in the line of duty "shall be at least a sum equal in amount to the loss of salary and reasonable cost of medicine or medical services incurred by any such member on account of said disability."

This provision was omitted from the amended section. Whether the amendment has abrogated section 1 of Article VI of the articles of incorporation—but we see no reason why both cannot stand—does not affect the question here; for in any event the membership could vote as a benefit to the relator full salary for his time lost under the discretion reposed in the membership by that section. The membership having declared the claimant entitled to the amount of his claim it became the duty of the president and secretary to comply with the will of the membership.

The affidavit states facts sufficient to warrant the issuance of a writ of mandate and the court was in error in sustaining the motion and demurrer.

Section 9858, Revised Codes 1921, as amended by Chapter 5 of the Laws of 1925, provides in part that if judgment be given for the applicant he may recover the damages which he has sustained, as found by the jury, or as may be determined by the court or referee, upon a reference to be ordered, together with costs; and for such damages and costs an execution may issue; and a peremptory writ may also be awarded without delay. The damages contemplated in this section are such as are incidental to the proceedings themselves and are not those which have arisen out of the prior preclusion or deprivation which the writ itself was invoked in part to redress. But the word "damages" includes the expense which the relator has been put to in paying for the services of a lawyer to bring the proceeding. (*Bailey* v. *Edwards*, 47 Mont. 363, 133 Pac. 1095; *State ex rel. Shea* v. *Cocking*, 66 Mont. 169, 28 A. L. R. 772, 213 Pac. 594.)

The fact that the relator has asked an attorney fee in a greater amount than the court may allow will not defeat his right to a writ. It is the province of the court to fix the amount of the attorney's fee if one be allowed; and where damages are allowed the same must be ascertained and fixed by the court, referee or jury, as the case may be. Hence the fact that a suitor asks a greater attorney's fee, or a greater amount of damages than he is entitled to, or that he asks for damages when he is not entitled to any, does not contravene the rule that in mandamus relator must fail if he demands more than he is entitled to have awarded.

The defendants have moved to strike portions of the transcript. The motion is overruled.

The judgment must be and is reversed.

*Reversed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.