SOCIEDAD CIVIL "PEÑA Y BALBÁS", represented by its managing partner VICENTE BALBÁS PEÑA, Petitioner and Appellant, *v.* MUNICIPAL COURT OF SAN JUAN, FIRST SECTION, M. GAETÁN BARBOSA, JUDGE, and RAMÓN ZENO, MARSHAL, Respondents and Appellees.

No. 7789. Argued April 21, 1939.—Decided November 30, 1939.

*A. Marín* for appellant.   *B. Fernández García, Attorney General,* and *R. García Cintrón, Assistant Attorney General,* for Appellees.

Mr. Justice Wolf delivered the opinion of the Court.

This is an appeal from part of a judgment in mandamus proceedings obtained by Peña y Balbás against the Municipal Court of San Juan, M. Gaetán Barbosa, Judge, and Ramón Zeno, Marshal.

In an action to rescind a contract of lease and recover the possession of real property, Peña y Balbás obtained judgment in the Municipal Court of San Juan, First Section, against one Crescencio Marcano. The property in question was a lot of land and Marcano had built a house therein. The judgment ordered that Peña y Balbás be put in possession of the lot. On June 15th, 1937, on motion of the executing plaintiff, the court issued a writ to the marshal ordering him to execute the judgment by removing from the house the defendant with all his furniture and chattels. On July 8th the court modified the writ and the marshal received it the same day. On July 29th the plaintiff not being satisfied with the actions of said marshal, moved that he be punished for contempt and requested that some other person be deputized to execute the writ. The motion was set for August 6th. On August 5 the marshal filed a return wherein he said he had attached the house. Plaintiff still not being satisfied filed a new motion asking that some other person be authorized to execute the writ.

On August 9th the motion was denied. On August 11th the plaintiff asked the court to quash the return. This the court ordered, on August 14, and on August 16 issued a fresh writ. On August 27th the marshal went to the premises and notified the tenants that the property was in the possession of the plaintiff, but refused to eject the defendants and maintained that the plaintiff had to sue in unlawful detainer to obtain the ouster. The plaintiff refused to accept this action or report as a return to the writ and on the same day again asked the court for a new writ, and to punish the marshal in contempt. The court set the motion for September 10. The judge went on vacation and Luis C. Trigo, Acting Judge, decided, on October 4, that the marshal had obeyed the writ, and denied the motion.

On October 7 the executing plaintiff asked the District Court of San Juan for a writ of mandamus against the municipal court, ordering the judge to issue a writ, and the marshal to execute it, in such a way that the petitioner could come in possession of his property. The writ of mandamus so ordering was issued, with costs, without an award of damages or of attorney's fees.

The petitioner had asked:

(1) That the marshal be ordered to pay him $210 damages which he had suffered up to September 30, and which he assessed as follows: $200 attorney's fees in the mandamus case; $10 damages he suffered by loss of the rent of the property from July 15 to September 30, at the rate of $4.00 per month; and also to pay him as damages $4.00 per month for every month from October 1 up to the day when the petitioner came in possession of the property.

(2) That the marshal be ordered to pay to him the statutory penalty directed by Section 6 of the Law of March 10, 1904 (Laws, p. 112) which amounts to $200.

(3) That costs be imposed on the defendants and that if the court did not concede the attorney's fees as damages that they be granted with the costs.

The lower court held that in a case of mandamus the damages to be recovered are those of the proceedings themselves and not those arising of the acts which give origin to the petition, and decided that the petitioner could not recover for the rents of the property, nor for that same reason, the statutory penalty imposed on the marshal by the Act of 1904, *supra*.

The lower court also held that where the writ was issued against a judge he was never mulcted in damages, and that it could not impose attorney's fees against the judge, or on the marshal in the absence of bad faith on his part. It thought that the acts of the marshal were not arbitrary inasmuch as his errors were sustained by two judges of the municipal court. The district court awarded no damages and imposed costs without attorney's fees upon the appellee court, to be paid by the respondents in equal shares, but considered it against public policy to impose upon a judge the payment of costs. It ordered that his share was to be paid by Crescencio Marcano, the defendant in the original cause.

The petitioner has appealed from the judgment and assigns three errors, to wit:

1.—Error committed in deciding that in mandamus proceedings the petitioner can collect as damages only attorney's fees, but not the use of the property which is recovered through the mandamus, nor the statutory penalty imposed on the marshal.

2.—Error committed in dec'ding that the respondent marshal should not be sentenced to pay attorney's fees as damages.

3.—Error committed in not making the due use of its discretion as to an imposition of payment of the attorney's fees, as part of the costs.

Appellant argues that in the cases cited from the States mandamus is not a civil action; a jury is called only at the discretion of the court and the right to a jury is not absolute; and that by that reason the question of damages cannot be decided in a mandamus proceeding. In Puerto Rico, he says, there is no such bar to a plea of damages in

an action for mandamus. Here civil actions and mandamus are both tried before the court. There is no question of a jury. A proceeding of mandamus is in all effect, a civil action. Damages can be proved in it as in any other kind of action. He says that he should not be compelled to establish a separate action to recover damages.

He also maintains that the statutory penalty imposed on the marshal—to pay $200 to the injured party when he does not return a writ without delay—should have been imposed in the mandamus proceeding and that the petitioner should not be forced to bring a separate proceeding to recover it.

As to the second assignment, the appellant says that the marshal should have been fined in costs. The reasoning of the lower court was that the marshal's acts were upheld by two judges of the municipal court; that he made a mistake, but he acted under the impression that he was doing right. The marshal's impression was fostered by the fact that his superiors approved his acts. There was nothing in the mind of the lower court to show that the marshal acted in bad faith. In the opinion of the lower court, a finding that the marshal acted in bad faith would be followed by the conclusion that the court also acted in bad faith. The district judge thought it would be unjust to punish the marshal for doing that which the municipal judge thought right when the latter was not liable.

The appellant argues that he has not claimed damages against the judge but against the marshal. He says that the marshal had discretion to act and that he did not have to go to the judge for counsel, and that his acts show an obstinate refusal to do his duty.

As to the third assignment, the appellant maintains the court should have used its discretion to impose the payment of attorney's fees as part of the costs. As a proof of the respondents' rashness he points out that not only did they consistently refuse to do their legal duty, but they made a return to the petition in the district court.

The appellees argue that the first error was not committed because Section 659 of the Code of Civil Procedure includes only such damages as are incidental to the proceedings themselves. They cite the same cases on which the lower court based its opinion: *State* v. *McCarthy*, 282 Pac. 1045; *State* v. *O'Leary*, 272 Pac. 677. For that same reason they maintain that the statutory penalty imposed upon a marshal for failure to return the writ cannot be imposed; and even if it could, the facts do not warrant such an imposition.

They argue jointly the second and third errors assigned and maintain that as the marshal was not negligent nor acted in bad faith, there is no reason for an imposition of damages. They do not discuss the court's discretion to include attorney's fees in the costs of the suit.

The law of Mandamus, Section 11 (659 of the Code of Civil Procedure, 1933 edition) says:

"If judgment be given for the plaintiff he shall recover the damages that he shall have sustained, to be ascertained by the Court as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay."

And Section 660 says:

"A recovery of damages by virtue of this law against the parties. who shall have made a return to a writ of mandamus is a bar to any other action against the same party for the making of such return."

Interpreting these Sections, we have said:

"These principles are fundamental and we do not try to deduce them by the citation of cases, but we have found one very interesting case in close relation to the facts of this trial, namely, *People ex rel Goring* v. *President*, etc., 13 Misc. 732. The opinion was by Mr. Justice Gaynor. Before the enactment of special laws similar to section 11 the relator could only recover damages by a separate action. After the order for a peremptory mandamus in that case an application was made for an assessment of damages, somewhat according to the manner of the petitioner here, and the court found that there could be no damages as they had to be assessed before the final order.

Such, we take it, is the plain intimation of section 11, supra, on which appellant relies. The assessment of damages is contemporaneous with or precedes the issue of the peremptory writ.

"To judge by the attitude of the appellant at the hearing, he would argue that the damages, being for salary, were a fixed, definite sum. Yet, also, appellant maintained that the action sounded in damages, just as the statute provides. The mayor, following appellant's own theory of recovery, might have shown matters to defeat the whole or part of the damages, and whether he was justified or not to defend against a recovery, just as he did in defense of the execution process attempted to be issued in this case. If the nature of the claim was for damages, the mayor might, perhaps, as in cases of master and servant, have shown that a particular employee was not damaged to the whole extent of his salary by reason of other employment or other remuneration.

"The case of People ex rel Goring v. President, etc., supra, shows another difficulty, which we mention rather than definitely decide, and that is that the damages contemplated by the law of mandamus are only those that arise after the issuance and service of an alternative writ of mandamus. At common law, the opinion shows, there could be not damages in a mandamus proceeding. When an alternative writ was answered the answer concluded the petitioner, and if the answer was false, the relator was bound to bring an action for a false return wherein, if he were victorious, he not only got damages for such false return but also a peremptory mandamus. Statutes were passed to enable petitioner to recover in the same mandamus proceeding, but as Mr. Justice Gaynor says, only for the false return. The statutes passed appeared to be the same or similar to our own. The damages, whatever they were or whatever their nature, could only date from the false return.

"In other words, there is even some question whether the appellant could obtain in a petition for mandamus all the damages he claimed.

"All these considerations go to show that the question of damages vel non ought to have been adjudged in a plenary trial. The order appealed from was correctly made, even though we think it is controlled by stronger reasons than those assigned by the judge, and it must be affirmed." Belaval v. Todd, 24 P.R.R. 765, 769.

The lower court held that the petitioner had no right to recover damages for the loss of rents from the aforesaid

lot; or to recover from the marshal the statutory penalty imposed by Section 6 of the Act of 1904 which creates the office of District Marshal. The court supports its holding with citations from *State ex rel Barry* v. *O'Leary,* 83 Mont. 445, 272 Pac. 677; *State ex rel Golden Valley County* v. *District Court,* 75 Mont. 122, 242 Pac. 421, and cases cited; and from 5 Bancroft's Code Practice and Remedies, p. 5235, Sec. 3990.

And as to the claim for rents the following seems to be in point.

"Section 3954.—*Interest.*—Since mandamus has none of the characteristics or functions of a civil action for the collection of a debt, a judgment in a mandamus proceeding may not properly include interest, unless the payment of interest is especially enjoined by law as part of the duty of the defendant, or is included in a judgment, the payment of which is sought to be enforced by the writ." 5 Bancroft's Code Practice and Remedies, p. 5238.

The law that creates the statutory penalty is the following: Section 6, Law of March 10, 1904, Regular Session, p. 112:

"Section 6.—*Penalty for non-return of process.*—If the marshal does not return a notice or process in his possession, with the necessary indorsement thereon without delay, he is liable to the party aggrieved for the sum of two hundred dollars and for all damages sustained by him."

The law does not regulate the proceeding for the collection of that penalty. Evidently it can be collected by an ordinary action to recover a debt. In that case, the action would have to be brought before the municipal court. Perhaps the penalty could be collected in ancillary proceedings incidental to the main cause where the delayed writ was issued. But certainly nothing makes evident the intention of the Legislature that the penalty could be collected in mandamus proceedings.

■ As to damages imposed to a public officer in mandamus proceedings, Bancroft says:

"Sec. 3982.—*Recovery Against Public Officer.*—A public officer who is positively required by law to perform a ministerial act, and who neglects or refuses to do so, may, by virtue of statutory enactment be held liable in damages. Many courts hold that an officer is exempt from any claim to damages if he has acted in good faith and with the intent of protecting the public interests,—even though it may be demonstrated that his conduct has been erroneous. But if he has acted captiously or arbitrarily, he is to be considered a wrongdoer, and subject to all of the liabilities of a wrongdoer. Where a mandamus proceeding is similar to an ordinary civil action, damages may be awarded against a public officer who is a defendant, as in an ordinary action.

"A statute in regard to damages in mandamus proceedings does not apply to courts or judges, since a judge who makes a mistake in the decision of a case is never mulcted in damages." 5, Bancroft's Code Practice and Remedies, p. 5237.

The lower court's ruling as to imposition of attorney's fees as damages falls under the general rule that the Supreme Court will not reverse a judgment on the ground that it is based on an erroneous appreciation of facts unless it clearly appears from the record that such is the case.

■ The lower court did not award attorney's fees as damages because it concluded that the marshal had acted in good faith. Nothing appears from the record to show the opposite. There is no transcript of evidence or statement of the case.

The district court's refusal to grant attorney's fees as part of the costs lies within its discretion.

The judgment should be affirmed.

Mr. Justice Travieso took no part in the decision of this case.