Sociedad Civil "Peña y Balbás", representada por su socio Administrador Vicente Balbás Peña, demandante y apelante, *v.* Corte Municipal de San Juan, Sección Primera, Hon. M. Gaetán Barbosa, Juez, y Ramón Zeno, Márshal, demandados y apelados.

Núm. 7789.—*Sometido:* Abril 21, 1939. *Resuelto:* Noviembre 30, 1939.

*A. Marín*, abogado de la apelante; *Hon. Procurador General B. Fernández García* y *R. García Cintrón, Subprocurador Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La presente es una apelación interpuesta contra parte de la sentencia dictada en un procedimiento de *mandamus* obtenida por Peña & Balbás contra la Corte Municipal de San Juan, M. Gaetán Barbosa, Juez, y Ramón Zeno, Márshal.

En un pleito instado para rescindir un contrato de arrendamiento y recobrar la posesión de bienes inmuebles, Peña & Balbás obtuvo sentencia en la Corte Municipal de San Juan, Sección Primera, contra Crescencio Marcano. La propiedad envuelta era un solar sobre el cual Marcano había construído una casa. En la sentencia se ordenaba se pusiera a Peña & Balbás en posesión del mismo. En junio 15 de 1937, a moción de la demandante que ejecutaba la sentencia, la corte libró un mandamiento al márshal, ordenándole que ejecutara la sentencia mediante el lanzamiento de la casa al demandado con todos sus muebles y enseres. El 8 de julio la corte modificó el mandamiento y el márshal lo recibió el mismo día. El 29 del referido mes la demandante, no estando satisfecha con las actuaciones del referido márshal, solicitó se castigara a éste por desacato y que se nombrara a otra persona como submárshal para cumplimentar la orden de la corte. La moción fué señalada para el 6 de agosto. El día antes el márshal radicó un diligenciamiento en el que hacía constar haber embargado la casa. No estando aún satisfecha la demandante, radicó una nueva moción insistiendo en que se nombrara a otra persona para cumplimentar el mandamiento.

El 9 de agosto la moción fué declarada sin lugar. El 11 de dicho mes la demandante pidió a la corte que anulara el diligenciamiento. La corte así lo hizo el 14 de agosto y el 16 de dicho mes libró un nuevo mandamiento. El 27 de agosto el márshal fué a la finca y notificó a los inquilinos que la demandante estaba en posesión de la propiedad, pero

se negó a echar de allí a los demandados y sostuvo que la demandante tenía que demandar en desahucio para obtener el lanzamiento. La demandante se negó a aceptar esta actuación o informe como diligenciado del mandamiento y el mismo día acudió de nuevo ante la corte en solicitud de que expidiera un nuevo mandamiento y se castigara al márshal por desacato. La corte señaló la moción para el 10 de septiembre. El Juez se fué de vacaciones y Luis C. Trigo como Juez Interino decidió el 4 de octubre que el márshal había obedecido el mandamiento y declaró sin lugar la moción.

El día 7 de octubre la demandante que ejecutaba la sentencia acudió ante la Corte de Distrito de San Juan en solicitud de un auto de *mandamus* contra la corte municipal para que el Juez de ésta expidiera el mandamiento y el márshal lo ejecutara, en forma tal que la peticionaria pudiera entrar en posesión de sus bienes. El auto de *mandamus* fué librado en dicha forma, con costas, pero sin conceder daños y perjuicios ni honorarios de abogado.

La peticionaria solicitó:

(1) Que se ordenara al márshal que le pagara $210 en concepto de daños y perjuicios que ella había sufrido hasta el 30 de septiembre y que distribuía así: $200 por concepto de honorarios de abogado en el procedimiento de *mandamus;* $10 como daños y perjuicios sufridos con la pérdida del alquiler de la propiedad desde el 15 de junio hasta el 30 de septiembre, a razón de $4 mensuales; y que también se le pagara en concepto de daños y perjuicios la suma de $4 mensuales desde el primero de octubre hasta el día en que la peticionaria entrara en posesión de la finca.

(2) Que se ordenara al márshal le pagara la penalidad estatutaria prescrita por la sección 6 de la ley de marzo 10, 1904 (Leyes de ese año, pág. 101), ascendente a $200.

(3) Que se impusieran las costas a los demandados y que si la corte no concedía honorarios de abogado como daños y perjuicios, que se concedieran éstos con las costas.

La corte inferior resolvió que en un procedimiento de *mandamus* los daños y perjuicios a recobrarse son aquéllos incurridos en el procedimiento mismo y no los provenientes de los actos que dan origen a la petición, y que la peticionaria no podía recobrar las rentas de la propiedad ni, por igual motivo, la penalidad estatutaria fijada al márshal por la ley de 1904, supra.

La corte inferior también resolvió que cuando el auto se libra contra un juez a éste nunca se le condena a pagar daños y perjuicios, y que no podía condenar a dicho funcionario a pagar honorarios de abogado, como tampoco al márshal, en ausencia de mala fe de su parte. Creyó que las actuaciones del márshal no fueron arbitrarias, toda vez que sus equivocaciones fueron sostenidas por dos jueces de la corte municipal. La corte de distrito no concedió daños y perjuicios e impuso costas, sin incluir honorarios de abogado, a la corte municipal recurrida, costas que serían pagadas por los querellados en partes iguales, mas consideró contrario a la política pública condenar a un juez al pago de costas. Ordenó que su parte de las mismas fuera pagada por Crescencio Marcano, demandado en el pleito original.

La peticionaria ha apelado de la sentencia y señala tres errores, a saber:

1. Error cometido al resolver que en pleito de *mandamus* la demandante sólo puede obtener como daños honorarios de abogado, pero no el valor en uso de la propiedad para cuya entrega se dicta el auto de *mandamus* ni la penalidad estatutaria impuesta al márshal.

2. Error cometido al resolver que el márshal demandado no debe ser condenado en este caso al pago de honorarios de abogado como daños.

3. Error cometido al no ejercitar debidamente su discreción en cuanto tampoco condenó a ninguno de los demandados a satisfacer los honorarios de abogado a la demandante, como parte de las costas.

La apelante arguye que en los casos citados de los Estados Unidos el procedimiento de *mandamus* no es un recurso civil; el jurado interviene tan sólo a discreción de la corte y el derecho al mismo no es absoluto; y que por ese motivo la cuestión de daños y perjuicios no puede ser resuelta en un procedimiento de *mandamus*. Dice que en Puerto Rico no existe tal impedimento a una alegación de daños y perjuicios en un recurso de *mandamus*. Aquí tanto las causas civiles como los recursos de *mandamus* son juzgados por el tribunal de derecho. No existe cuestión alguna sobre el jurado. Un procedimiento de *mandamus* es para todos los fines una acción civil. Que pueden probarse en el mismo los daños y perjuicios como en cualquiera otra clase de acción. Sostiene además que no debe obligársele a establecer una causa de acción separada en cobro de los daños y perjuicios.

Igualmente insiste en que la penalidad estatutaria impuesta al márshal—de pagar $200 a la parte perjudicada cuando no diligencia un mandamiento sin demora—debió habérsele impuesto en el procedimiento de *mandamus* y que a la peticionaria no debe obligársele a instar un procedimiento separado para recobrar dicha cantidad.

En lo que al segundo señalamiento se refiere, la apelante sostiene que al márshal debió habérsele condenado a pagar las costas. El razonamiento de la corte inferior fué que las actuaciones del márshal fueron sostenidas por dos jueces de la corte municipal; que él cometió un error, pero actuaba bajo la impresión de que hacía lo correcto. La impresión del márshal encontró apoyo en el hecho de que sus superiores aprobaron sus actuaciones. A juicio de la corte inferior nada había que demostrara que el márshal actuó de mala fe. Fué del criterio de que una conclusión al efecto de que el márshal actuó de mala fe sería seguida por la conclusión de que la corte municipal también actuó de mala fe. El juez de distrito creyó que sería injusto castigar al márshal por

realizar algo que el juez municipal creyó era correcto, no siendo este último funcionario responsable.

La apelante insiste en que no ha reclamado daños y perjuicios contra el juez, sino solamente contra el márshal. Dice que el márshal tuvo discreción para actuar, que no tenía que acudir al juez para aconsejarse y que sus actuaciones demuestran que se negaba obstinadamente a cumplir con su deber.

En lo que al tercer señalamiento se refiere, la apelante sostiene que la corte debió haber ejercitado su discreción e impuesto el pago de honorarios de abogado como parte de las costas. Como prueba de la temeridad de los querellados indica que no solamente se negaron insistentemente a cumplir con los deberes impuéstosles por la ley, sino que contestaron a la petición radicada ante la corte de distrito.

Los apelados sostienen que no se cometió el primer error, toda vez que el artículo 659 del Código de Enjuiciamiento Civil incluye tan sólo los daños que son incidentales al procedimiento mismo. Citan los mismos casos en que la corte inferior basó su opinión: *State* v. *McCarthy,* 282 P. 1045; *State* v. *O'Leary,* 272 P. 677. Por idéntico motivo sostienen que la penalidad estatutaria fijada al márshal por dejar de diligenciar el mandamiento no puede ser impuesta; pero que aun si pudiera serlo, los hechos del caso no justifican tal imposición.

Discuten conjuntamente los señalamientos segundo y tercero y sostienen que puesto que el márshal no fué negligente ni actuó de mala fe, no existe razón alguna para que se le condene al pago de daños y perjuicios. No discuten la discreción de la corte para incluir honorarios de abogado en las costas del recurso.

La Ley de *Mandamus,* sección 11 (artículo 659 del Código de Enjuiciamiento Civil, edición 1933) provee:

"Si se dictare un veredicto a favor del demandante, éste recobrará la indemnización a que tenga derecho por los daños y perjuicios sufridos, cuya indemnización y costas se fijarán por el tri-

bunal como si se tratase de una acción civil, y se dictará también, sin dilación alguna, un auto de *mandamus* perèntorio.''

, , Y el artículo 660 dice:

''La recuperación de daños y perjuicios en virtud de esta ley contra las personas que hubieren contestado un *mandamus,* impedirá el ejercicio de cualquiera otra acción contra la misma persona a causa de su contestación.''

Interpretando estos artículos, dijimos:

''Estos principios son fundamentales y no pretendemos deducirlos de las citas de casos, pero hemos encontrado uno muy interesante en íntima relación con los hechos de este juicio, o sea, el de *People ex rel. Goring* v. *President,* 13 Misc. 732. La opinión fué emitida por el Juez Sr. Gaynor. Antes de la promulgación de leyes especiales semejantes a la sección 11 el promovente solamente podía obtener una indemnización por daños y perjuicios mediante acción separada. Después de la orden de *mandamus* perentorio en ese caso se hizo una solicitud para la tasación de daños en cierto modo de acuerdo con la forma en que la hizo el peticionario en esta acción y la corte resolvió que no podía haber daños y perjuicios puesto que tenían que ser fijados antes de dictarse la orden definitiva. Entendemos que ésta es la clara inteligencia de la sección 11, supra, en la cual se funda el apelante. La fijación de los daños y perjuicios es contemporánea o anterior a la expedición del auto perentorio.

''A juzgar por la actitud del apelante en el acto de la vista él argüiría que siendo los daños por el sueldo devengado éstos eran una suma fija y precisa. Además, también el apelante alegó que la acción fué solamente para recobrar los daños y perjuicios, precisamente como dispone el estatuto. El alcalde, siguiendo la misma teoría del apelante para recobrar los daños, podría haber presentado razones para destruir la contención referente a todos o parte de los daños y perjuicios, y estuviera o no justificado para defenderse contra la indemnización, como lo hizo contra el mandamiento de ejecución que se trató de librar en este caso. Si la naturaleza de la reclamación era por daños y perjuicios, el alcalde como en los casos de patrono y empleado, pudo quizás haber demostrado que un empleado en particular no es perjudicado en la medida de todo su sueldo si tiene otro empleo o remuneración.

"El caso de *People ex rel. Goring* v. *President,* supra, presenta otra dificultad que más bien mencionamos sin resolver terminantemente y ésta es que los daños que tuvo presente la ley de *mandamus* son únicamente aquéllos que surgen después de la expedición y notificación de un auto alternativo de *mandamus.* La opinión muestra que en la ley común no podían existir daños en un procedimiento de *mandamus.* Al ser contestado un auto alternativo, la contestación impedía al peticionario hacer cualquier otra reclamación, y si la contestación era falsa el promovente estaba obligado a establecer una acción por una contestación falsa en la que de obtener éxito no solamente recobraba daños por dicha falsa contestación sino también un *mandamus* perentorio. Fueron aprobados estatutos para dar derecho al peticionario a recobrar en el mismo procedimiento de *mandamus,* pero como dice el Juez Sr. Gaynor, solamente por la falsa contestación. Los estatutos aprobados parecían ser iguales o semejantes a nuestro estatuto. Cualesquiera que fueran los daños o su naturaleza sólo podían originarse desde la fecha de la falsa contestación.

"En otras palabras, ocurre todavía alguna duda respecto a si el apelante podría obtener en una petición de *mandamus* todos los daños que reclamó.

"Todas estas consideraciones van a demostrar que la cuestión de daños *vel non* debió haber sido resuelta en un juicio amplio. La orden apelada fué dictada debidamente aun cuando creemos que está regulada por razones más fundamentales que las alegadas por el juez, y debe ser confirmada." *Belaval* v. *Todd,* 24 D.P.R. 820, 825.

La corte inferior resolvió que la peticionaria no tenía derecho a obtener daños y perjuicios por la pérdida de los alquileres del aludido solar; ni a recobrar del márshal la penalidad estatutaria impuesta por la sección 6 de la Ley de 1904 que crea el cargo de márshal de distrito. La corte apoya su resolución en citas de *State ex rel. Barry* v. *O'Leary,* 83 Mont. 445, 272 P. 677; *State ex rel. Golden Valley County* v. *District Court,* 75 Mont. 122, 242 P. 421, y casos citados; y de 5, *Bancroft's Code Practice and Remedies,* pág. 5235, pár. 3980.

En lo que a la reclamación de los alquileres se refiere la siguiente cita parece ser aplicable:

"Sección 3984.—*Intereses.*—Toda vez que el procedimiento de *mandamus* no tiene ninguna de las características o funciones de una acción civil en cobro de dinero, la sentencia que en él se dicte no puede propiamente incluir intereses, a menos que el pago de los mismos sea especialmente fijado por la Ley como parte de los deberes del querellado o estén incluídos en la sentencia cuyo pago se trata de exigir mediante el auto." 5, *Bancroft's Code Practice and Remedies,* pág. 5238.

█ La ley que crea la penalidad estatutaria es la siguiente: Sección 6, ley de marzo 10, 1904, Sesión Ordinaria, pág. 101:

"Sección 6.—*Pena por la no devolución de la diligencia.*—Si el Márshal no devuelve sin demora una notificación o diligencia que tenga en su poder con el correspondiente endoso sobre la misma, será responsable a la parte agraviada por la suma de doscientos *dollars* y por todos los daños sufridos por ella."

La ley no fija el procedimiento a seguir para el cobro de esa penalidad. Evidentemente puede obtenerse en una acción ordinaria en cobro de dinero. En ese caso, el pleito habría que entablarlo ante la corte municipal. Quizá pudiera cobrarse en un procedimiento incidental a la causa principal en que se expidió el mandamiento cuyo diligenciado se demoró. Mas en verdad nada hay que haga evidente la intención de la Asamblea Legislativa al efecto de que la penalidad pudiera cobrarse en un procedimiento de *mandamus.*

█ En cuanto a los daños y perjuicios impuestos a un funcionario público en un procedimiento de *mandamus,* Bancroft dice:

"Sección 3982.—*Sentencia contra funcionario público.*—Un funcionario público a quien la ley ordena de una manera terminante que cumpla un acto ministerial, cuyo cumplimiento él descuida o rehusa, puede, por virtud de una disposición estatutaria, ser responsable de daños y perjuicios. Muchas cortes han resuelto que un funcionario público está exento del pago de daños y perjuicios siempre que haya actuado de buena fé y con la intención de proteger los intereses públicos— aun demostrándose que ha procedido

erróneamente. Pero si ha actuado caprichosa o arbitrariamente se le considerará como un transgresor (*wrongdoer*) y estará sujeto a todas las responsabilidades correspondientes. Cuando el procedimiento de *mandamus* es similar a un pleito civil ordinario, puede condenarse a un funcionario público que es demandado al pago de daños y perjuicios, al igual que si se tratara de una acción civil corriente.

"Un estatuto que fija el pago de daños y perjuicios en un procedimiento de *mandamus* no es aplicable a las cortes ni a los jueces, puesto que un juez que comete un error al decidir un caso nunca es condenado al pago de daños y perjuicios." 5, *Bancroft's Code Practice and Remedies,* pág. 5237.

La decisión de la corte inferior en lo atinente a la imposición de honorarios de abogado como daños y perjuicios cae dentro de la regla general de que el Tribunal Supremo nunca revocará una sentencia fundada en que la de distrito se basó en una apreciación errónea de hechos, a menos que aparezca claramente de los autos que ése es el caso.

La corte sentenciadora no concedió honorarios de abogado en concepto de daños y perjuicios, por haber llegado a la conclusión de que el márshal actuó de buena fe. Nada aparece de los autos que demuestre lo contrario. No se ha elevado transcripción de evidencia ni exposición del caso.

La negativa de la corte de distrito a conceder honorarios de abogado como parte de las costas cae dentro de su sana discreción.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.